**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted March 10, 2011
Decided March 10, 2011

**Before**

DANIEL A. MANION, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 10-3375

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>        *Plaintiff-Appellee*, | Appeal from the United States District<br>Court for the Western District of Wisconsin. |
| *v.* | No. 10-CR-77-WMC-01 |
| ALAN XIONG,<br>        *Defendant-Appellant*. | William M. Conley,<br>*Chief Judge*. |

**O R D E R**

On June 24, 2007, surveillance cameras captured the early morning burglary of a sporting goods store in Durand, Wisconsin. Four men broke in through the front door and left minutes later with 34 guns. Among the evidence collected by police was a piece of rubber stained with Alan Xiong's blood. A grand jury charged him with theft of firearms from a federally licensed firearms dealer. 18 U.S.C. § 922(u). He pleaded guilty and was sentenced to 84 months' imprisonment. Xiong filed a notice of appeal, but his appointed lawyer moves to withdraw on the ground that the case is frivolous. See *Anders v. California*, 386 U.S. 738 (1967). Xiong has not responded to counsel's submission. See CIR. R. 51(b). We confine our review to the potential issues identified in counsel's facially adequate brief. See *United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Xiong has not said that he wants to challenge his guilty plea, so counsel properly omits any discussion of the adequacy of the plea colloquy or the voluntariness of the plea. See *United States v. Knox*, 287 F.3d 667, 670-72 (7th Cir. 2002).

Counsel first considers whether Xiong could argue that the sentencing court misapplied U.S.S.G. § 2K2.1(b)(6), which mandates an increase of 4 offense levels "[i]f the defendant used or possessed any firearm or ammunition in connection with another felony offense." The district judge added these points because Xiong had stolen the firearms during a burglary. Counsel specifically evaluates whether Xiong could argue that the burglary of the store and the theft of the guns were not sufficiently distinct to be considered different offenses, or that the burglary was complete before he possessed the guns and thus the guns were not used "in connection with" the burglary. But we recently held that Application Note 14(b) to § 2K2.1, promulgated to resolve a circuit split on the matter, is unequivocal that this upward adjustment applies where a defendant, "during the course of a burglary, finds and takes a firearm, even if the defendant did not engage in any other conduct with that firearm." U.S.S.G. § 2K2.1 cmt. n.14(B); see *United States v. Krumweide*, 599 F.3d 785, 790-91 (7th Cir. 2010); *United States v. Hill*, 563 F.3d 572, 582 (7th Cir. 2009). Xiong admitted, both during the plea colloquy and at sentencing, that he took the firearms during the burglary of the sporting goods store. As a result counsel correctly concludes that any challenge to the application of the increase would be frivolous.

Counsel also evaluates whether Xiong could argue that his prison sentence is unreasonably long but concludes that the claim would be frivolous. Xiong's total offense level of 29 and criminal history category of II yielded a guidelines imprisonment range of 97 to 120 months. See 18 U.S.C. § 924(i)(1); U.S.S.G. §§ 5A (Sentencing Table), 5G1.1(c). The term he received, 84 months, is 13 months below the low end of this range, and counsel offers nothing to challenge the presumption of reasonableness we apply to such below-guidelines sentences. See *Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Pape*, 601 F.3d 743, 746 (7th Cir. 2010); *United States v. Wallace*, 531 F.3d 504, 507 (7th Cir. 2008). We agree that this potential claim would be frivolous.

Accordingly, counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.