In the

# United States Court of Appeals

## For the Seventh Circuit

No. 08-4081

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

JASON A. KRUMWIEDE,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of Wisconsin.
No. 3:08-cr-00090-bbc-1—**Barbara B. Crabb**, *Chief Judge*.

ARGUED OCTOBER 28, 2009—DECIDED MARCH 31, 2010

Before RIPPLE, WILLIAMS and TINDER, *Circuit Judges*.

RIPPLE, *Circuit Judge.*    Jason A. Krumwiede pleaded guilty to charges that he had stolen thirty-four firearms from a federally licensed firearms dealer, in violation of 18 U.S.C. § 922(u), and that he had possessed a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). Mr. Krumwiede was sentenced to 140 months' imprisonment. He now appeals his sentence on the ground that the district court improperly

included in its Guidelines calculation the four-level enhancement provided in § 2K2.1(b)(6). We conclude that the district court committed no error by applying this enhancement. Accordingly, we affirm the judgment of the district court.

# I

## BACKGROUND

In the early morning of March 9, 2008, Mr. Krumwiede broke into Main Street Guns & Knives, a federally licensed firearms dealer in Medford, Wisconsin. Responding to the silent alarm, the police soon arrived. Mr. Krumwiede ignored their order to stop, and he fled the scene. The police later found him hiding in a nearby dumpster and arrested him. The police recovered two guns in the dumpster, fifteen guns in a bag by the door from which Mr. Krumwiede had exited the store and additional guns in the store that had been removed from their cases. At least one of the guns was a semiautomatic firearm capable of accepting a large capacity magazine.

On June 4, 2008, a grand jury returned a two-count indictment against Mr. Krumwiede. He was charged with theft of thirty-four firearms from a federally licensed dealer, in violation of 18 U.S.C. § 922(u), and with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). On September 15, 2008, Mr. Krumwiede entered a plea of guilty to both counts pursuant to a written plea agreement.

On November 25, 2008, the district court conducted a sentencing hearing. Prior to the hearing, Mr. Krumwiede filed a written objection to the sentence calculation contained in the pre-sentence report ("PSR");[1] specifically, Mr. Krumwiede objected to the inclusion of the

---

[1] The PSR utilized the November 2008 version of the Guidelines. The PSR made the following calculations:

*Base offense level*: 22 pursuant to U.S.S.G. § 2K2.1(a)(3), because the offense involved a semiautomatic firearm capable of accepting a large capacity magazine and Mr. Krumwiede had already been convicted of a prior violent felony;

*Six level enhancement*: pursuant to § 2K2.1(b)(1)(c), because the offense involved more than 25 firearms;

*Two level enhancement*: pursuant to § 2K2.1(b)(4)(a), because the firearms involved in the offense were stolen;

*Reduction to 29 levels*: pursuant to § 2K2.1(b)(4), because the §§ 2k2.1(b)(1)-(4) enhancements cannot produce an offense level greater than 29;

*Four level enhancement*: pursuant to § 2K2.1(b)(6) and Application Note 14(B) because Mr. Krumwiede possessed guns in connection with another felony offense; and

*Three level reduction*: pursuant to § 3E1.1 for acceptance of responsibility and cooperation.

Mr. Krumwiede's criminal history category was VI. With a base offense level of thirty and criminal history category of VI, the Guidelines range was 168 to 210 months.

§ 2K2.1(b)(6)[2] four-level enhancement for possession of firearms in connection with another felony offense because, he maintained, no *other* felony offense had been committed. R.30. The Government replied that the enhancement was appropriate; it relied on Application Note 14(B).[3] The Sentencing Commission had promulgated

---

[2]  Section 2K2.1(b)(6) provides:

> If the defendant used or possessed any firearm or ammunition in connection with another felony offense; or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense, increase by 4 levels. If the resulting offense level is less than level 18, increase to level 18.

[3]  Application Note 14 reads, in relevant part,

> 14. "In Connection With".—
>
> > (A) In General.—Subsections (b)(6) and (c)(1) apply if the firearm or ammunition facilitated, or had the potential of facilitating, another felony offense or another offense, respectively.
> >
> > (B) Application When Other Offense is Burglary or Drug Offense.—Subsections (b)(6) and (c)(1) apply [] in a case in which a defendant who, during the course of a burglary, finds and takes a firearm, even if the defendant did not engage in any other conduct with that firearm during the course of the burglary . . . . In these cases, application of subsections (b)(6) and (c)(1) is warranted because the presence of

(continued...)

this application note in 2006 to resolve a circuit split over the application of § 2K2.1(b)(6) when a defendant's conduct constituted another felony offense in the nature of burglary or a drug offense. *See infra* at 11. In an addendum to the PSR, the Probation Officer noted that Mr. Krumwiede's objection was supported by *United States v. Szakacs*, 212 F.3d 344, 346 (7th Cir. 2000), which had determined that the state offense of conspiracy to commit burglary, committed simultaneously with the charged federal offense of conspiracy to steal firearms from a federally licensed dealer, did not qualify as "another felony offense" for purposes of the § 2K2.1(b)(6) enhancement. R.32 at 2. The Probation Officer nevertheless concluded that Application Note 14(B), promulgated after *Szakacs*, had resolved a circuit conflict with respect to the term "in connection with" in § 2K2.1(b)(6)

---

[3]  (...continued)

> the firearm has the potential of facilitating another felony offense or another offense, respectively.
>
> (C) Definitions.—
>
> "Another felony offense", for purposes of subsection (b)(6), means any Federal, state, or local offense, other than the explosive or firearms possession or trafficking offense, punishable by imprisonment for a term exceeding one year, regardless of whether a criminal charge was brought, or a conviction obtained.

U.S.S.G. § 2K2.1 app. n. 14.

and that "[t]he Commission determined the enhancement was warranted in cases involving burglary because of the potential a firearm has to facilitate another offense." R.32 at 2.

The district court overruled Mr. Krumwiede's objection and included the § 2K2.1(b)(6) enhancement in its Guidelines calculation. The district court explained that Application Note 14(B) mandated that the four-level enhancement be included when a defendant took firearms during a burglary, in addition to the other conduct underlying the charged offense. *See* Tr. at 6-7, Nov. 25, 2008. Accordingly, the district court accepted the PSR calculations and determined that the Guidelines range was 168 to 210 months' imprisonment. *Id.* at 15. However, the district court recognized mitigating factors and departed from the recommended Guidelines range.[4] The district court sentenced Mr. Krumwiede to a term of 140 months' imprisonment (120 months on count one and 20 months on count 2, to run consecutively). *Id.* at 19.

On December 2, 2008, Mr. Krumwiede filed a notice of appeal.

---

[4] The district court considered Mr. Krumwiede's age (27), the fact that he was under the influence of alcohol at the time of the offense, his acceptance of responsibility, his admission that he was an alcoholic and the unsophisticated nature of the offense. *See* Tr. at 16, Nov. 25, 2008.

## II

## DISCUSSION

### A.

Mr. Krumwiede renews his contention that the district court erroneously included the § 2K2.1(b)(6) four-level enhancement in its Guidelines calculation. He maintains that the district court erred by not following *Szakacs*, which held that a state offense that occurs contemporaneously with the convicted federal offense cannot count as "another felony offense" for purposes of § 2K2.1(b)(6) unless the offense is "separated in time or by a distinction of conduct." *United States v. Szakacs*, 212 F.3d 344, 351 (7th Cir. 2000) (internal quotation marks omitted). He also maintains that the 2006 amendment to § 2K2.1 (the inclusion of Application Note 14) did not implicate the *Szakacs* rule. In his view, "[w]hile the Amendment may have clarified when the *other* offense is a burglary, the Amendment did not change this Court's treatment of the enhancement in those unique cases where *the* offense of conviction is the burglary of a federally licensed gun dealer." Appellant's Br. 12-13 (emphasis in original). In Mr. Krumwiede's view, Application Note 14 concerns the "in connection with" phrase of § 2K2.1(b)(6), not the "another felony offense" phrase.

The Government contends that *Szakacs* has no relevance to this case because Application Note 14 "unequivocally" directs district courts to apply the § 2K2.1(b)(6) enhancement whenever a defendant possessed firearms during the course of a burglary. Appellee's Br. 11. The Government submits that Application Note 14(B) created a "per se

rule regarding burglary" and "altered the previous judicial construction of the enhancement's application in those circuits that had excluded burglary from consideration as 'another offense.'" *Id.* at 18-19. Additionally, the Government argues that the conduct consisting of the burglary—breaking and entering into the store at night—was an act distinct from the theft of the guns and Mr. Krumwiede's possession of them. *Id.* (citing *United States v. Hill*, 563 F.3d 572, 582 (7th Cir. 2009)). Finally, the Government points out that, in any event, the sentence imposed was reasonable because it "fell exactly within the 120-150 month range that Krumwiede would have faced had the district court not applied the four-level enhancement under § 2K2.1(b)(6)." *Id.* at 12, 25.

**B.**

We review de novo questions of law involving the interpretation of the Guidelines. *See United States v. Stitman*, 472 F.3d 983, 986 (7th Cir. 2007). We review a sentencing court's findings of fact and applications of the Guidelines for clear error. *Id.*

We begin our analysis with an examination of *Szakacs*. There, five defendants were convicted of the federal offense of conspiracy to steal firearms from a licensed firearms dealer. The defendants' plan was foiled before they reached the store and, therefore, no firearms were actually taken. When sentencing the defendants, the

district court applied the four-level § 2K2.1(b)(5)[5] enhance-ment because "the defendants used or possessed any firearm or ammunition in connection with another felony offense, the other felony offense being the state law crime of conspiracy to commit burglary." *Szakacs*, 212 F.3d at 348 (internal quotation marks omitted). We held that the district court had erred by applying the enhancement. We found the case "difficult . . . [because] the state law offense and the federal offense were essentially the same crime." *Id.* at 349. We also recognized that circuits had divided over whether the enhancement should apply in such circumstances. *Id.*

We noted in *Szakacs* that, in *United States v. Armstead*, 114 F.3d 504, 511-13 (5th Cir. 1997), the Fifth Circuit had ruled that the enhancement was appropriately applied when the defendants were convicted of the federal offense of stealing firearms from a licensed dealer and the other offense was the state crime of burglary. In *Szakacs*, we contrasted *Armstead* with the Sixth Circuit's approach in *United States v. Sanders*, 162 F.3d 396, 399-402 (6th Cir. 1998). In *Sanders*, the Sixth Circuit had held that, when a defendant was charged with the federal crimes of theft from a licensed gun dealer, knowingly transporting stolen firearms and being a felon in possession, the state

---

[5] When *United States v. Szakacs*, 212 F.3d 344 (7th Cir. 2000), was decided, § 2K2.1(b)(6) appeared in the Guidelines as § 2K2.1(b)(5). It was moved to § 2K2.1(b)(6) in the 2006 Guide-lines, at which time Application Note 14(B) was also added. *See infra* at 11. The texts of § 2K2.1(b)(5), as it existed prior to 2006, and § 2K2.1(b)(6), post-2006, are identical.

law crime of conspiracy to commit burglary did not qualify as "another felony offense." In the end, we agreed with *Sanders* that, "since almost all federal crimes can also be characterized as state crimes," allowing a state law offense "based on the exact same offense conduct to count as 'another felony offense' renders 'the word "another" . . . superfluous, and of no significance to the application of [the enhancement].' " *Szakacs*, 212 F.3d at 350 (quoting *Sanders*, 162 F.3d at 400). We also noted that *Sanders* interpreted the then-extant Application Note 18 to § 2K2.1(b)(5) as precluding a state burglary crime from qualifying as "another felony offense."[6] *Id.* Finally, we agreed with *Sanders* that "courts should not adjust a sentence upward based on factors already reflected in the base-offense level," *i.e.*, "double counting" the same conduct already included in a base offense level calculation. *Id.* at 350-51. We concluded that the Sixth Circuit's approach was consistent with our own previous application of § 2K2.1(b)(5) in situations where "there was 'a finding of a separation of time between the offense

---

[6]  In 2000, Application Note 18 read in pertinent part, " 'another felony offense' and 'another offense' refer to offenses other than explosives or firearms possession or trafficking offenses." U.S. Sentencing Guidelines Manual § 2K2.1 app. n. 18 (2000). Building on the *Sanders* interpretation, we interpreted that language so as to exclude burglaries from the definition of "another felony offense" because Application Note 18 used the general phraseology of "explosives or firearms possession or trafficking offenses," rather than invoking "specific statutory provisions." *Szakacs*, 212 F.3d at 350.

of conviction and the other felony offense, or a distinction of conduct between that occurring in the offense of conviction and the other felony offense.'" *Id.* at 351 (quoting *Sanders*, 162 F.3d at 400). We thus adopted the *Sanders* approach and "reject[ed] the approach represented by the *Armstead* court." *Id.*

In 2006, the Sentencing Commission promulgated Amendment 691, which modified § 2K2.1 and its Application Notes. *See U.S. Sentencing Guidelines Manual, Supplement to Appendix C*, 170-77 (2006) (Amendment 691). The Amendment re-designated § 2K2.1(b)(5) as § 2K2.1(b)(6), *id.* at 171, struck Application Note 18, *id.* at 172,[7] and added the new Application Note 14, *id.* at 174-75. The Sentencing Commission also stated,

> [T]he amendment addresses a circuit conflict pertaining to the application of [§ 2K2.1(b)(6)] . . . , specifically with respect to the use of a firearm "in connection with" burglary and drug offenses. . . . [T]he amendment provides that in burglary offenses, [§ 2K2.1(b)(6)] appl[ies] to a defendant who takes a firearm during the course of the burglary, even if the defendant did not engage in any other conduct with that firearm during the course of the burglary. . . . The Commission determined that application of [§ 2K2.1(b)(6)] is warranted in these cases because of the potential that the pres-

---

[7] By then, Application Note 18 had been moved to Application Note 15. *See U.S. Sentencing Guidelines Manual, Supplement to Appendix C*, 94 (2005) (Amendment 669).

ence of the firearm has for facilitating another
felony offense or another offense.

*Id.* at 177.

Later, in *United States v. Hill*, 563 F.3d 572, 581 (7th Cir.
2009), we considered whether Application Note 14 was
inconsistent with the language of § 2K2.1(b)(6).[8] The
defendant in *Hill* disputed the application of § 2K2.1(b)(6)
and the district court's conclusion that a burglary
qualified as another felony offense when he had taken
guns during the burglary and had pleaded guilty to a
felon in possession count. We concluded that Applica-
tion Note 14(B) was consistent with § 2K2.1(b)(6), and that
the guideline indeed applied in the defendant's case
because "the relevant question is not whether the two
offenses occur simultaneously or have some causal rela-
tionship with one another, but whether they are based on
the same conduct." *Hill*, 563 F.3d at 581 (citing *United States
v. Purifoy*, 326 F.3d 879, 880-81 (7th Cir. 2003)). We rea-
soned that, unlike the defendants in *Szakacs*, the applica-
tion of the § 2K2.1(b)(6) enhancement in *Hill* "was based
on conduct that was distinct from [the defendant's] simple
possession of the firearms, namely the burglary." *Id.*

Mr. Krumwiede contends that *Hill* "reaffirms [our] basic
holding in *Szakacs* that, where the offense of conviction

---

[8] *See also Stinson v. United States*, 508 U.S. 36, 38 (1993)
("[C]ommentary in the Guidelines Manual that interprets or
explains a guideline is authoritative unless it violates the
Constitution or a federal statute, or is inconsistent with, or
a plainly erroneous reading of, that guideline.").

and the 'other' offense for the enhancement's purposes are essentially the same crime because they involved nearly identical offense conduct, the four level enhancement does not apply." Appellant's Br. 14 (internal quotation marks omitted). The Government contends just the opposite. It points out that, in *Hill,* we cited *Armstead* and said,

> The guideline [§ 2K2.1(b)(6)] by its terms requires only that the defendant have possessed a weapon 'in connection with' another offense. That language is sufficiently broad to include possessing a weapon as a result of the burglary . . . and thus to accommodate the interpretation reflected in the commentary.

*Hill,* 563 F.3d at 582. The Government believes that, in *Hill,* we abandoned *Szakacs* and adopted the *Armstead* approach. *See* Appellee's Br. 19-20.

We believe that the resolution of these conflicting positions is straightforward. Application Note 14(B), not *Szakacs*, governs the application of § 2K2.1(b)(6) in Mr. Krumwiede's case; Application Note 14(B) is *unequivocal* about when the § 2K2.1(b)(6) enhancement should apply: when a defendant "during the course of a burglary, finds and takes a firearm, even if the defendant did not engage in any other conduct with that firearm." U.S.S.G. § 2K2.1 app. n. 14(B). As we already have held, the Application Note is consistent with the guideline itself and thus is authoritative. *See Hill,* 563 F.3d at 581 (citing *Stinson v. United States,* 508 U.S. 36, 38 (1993)). Application Note 14 was meant to "remedy the disagreement among the courts regarding the application of the

four-level enhancement to cases in which the other offense is a burglary.*" See United States v. Morris*, 562 F.3d 1131, 1136 (10th Cir. 2009) (also concluding that Application Note 14(B) is consistent with § 2K2.1(b)(6) and that the enhancement applied in a felon in possession case where the defendant took firearms during the course of a burglary).

This straightforward reliance on the plain language of Application Note 14 renders nugatory Mr. Krumwiede's contention that Application Note 14 concerned the "in connection with" phrase of § 2K2.1(b)(6), not the "another felony offense" phrase. Application Note 14(B) is specifically titled "Application When Other Offense is Burglary or Drug Offense" and discusses the application of the enhancement when either burglary or a drug offense constitutes the purported "other" felony offense. Notably, Application Note 14(C) provides a definition of "another felony offense," when the purported other felony offense is *not* burglary or a drug offense. In short, Application Note 14 is squarely on point in this case, and the district court correctly applied the enhancement.

## Conclusion

The district court correctly applied the enhancement provided by § 2K2.1(b)(6) in the calculation of Mr. Krumwiede's Guidelines calculation. Accordingly, the judgment of the district court is affirmed.

AFFIRMED