PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 11-1172
No. 11-1173

UNITED STATES OF AMERICA,

Appellant

v.

JASON KELLER

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 09-cr-00237)
District Judge:  Honorable Gary L. Lancaster

Submitted Under Third Circuit LAR 34.1(a)
December 8, 2011

Before:  HARDIMAN, BARRY, *Circuit Judges* and
SLOMSKY[*], *District Judge*

---

[*]  The Honorable Joel H. Slomsky, District Judge for the United States District Court for the Eastern District of Pennsylvania, sitting by designation.

(Filed: December 14, 2011)

Laura S. Irwin
Michael L. Ivory
Office of the United States Attorney
700 Grant Street
Suite 4000
Pittsburgh, PA 15219-0000
    *Attorneys for Appellant*

Sally A. Frick
437 Grant Street
Frick Building
Pittsburgh, PA 15219-0000
    *Attorney for Appellee*

––––––––––––

OPINION OF THE COURT

––––––––––––

HARDIMAN, *Circuit Judge*.

This appeal requires us to interpret § 2K2.1(b)(6) of the United States Sentencing Guidelines (USSG), which increases a defendant's offense level by four points when he "used or possessed any firearm or ammunition in connection with another felony offense." In a trio of cases over the past decade, we crafted a test for district courts to use in deciding when to apply USSG § 2K2.1(b)(6). We held that for an offense to count as "another felony offense," it must be distinguished from the

firearms offense of conviction in two ways: the offense conduct must (1) be distinct in time or conduct, and (2) require proof of an additional element. This appeal requires us to consider whether Amendment 691 to the Sentencing Guidelines vitiates our precedents holding that USSG § 2K2.1(b)(6) does not apply when the predicate offense is burglary of the firearms that are the subject of the conviction.

I

In 2007, Jason Keller and two others tried to burglarize three gun shops in Western Pennsylvania, succeeding in one of the attempts. Their *modus operandi* involved stealing a vehicle and using it to break into a store that sold firearms. That plan proved to be easier said than done. On their first try, they fastened straps to both the vehicle and the doors of Kaufman's Antique and Gun Shop in Aliquippa and attempted to rip the door from its hinges, but their straps broke. Almost two weeks later, Keller and his cohorts tried to burglarize Gander Mountain in Coraopolis by ramming its doors with a van. This time, the transmission failed before the doors did. Approximately two weeks later, Keller and his co-conspirators drove a vehicle through the front doors of Fazi's Firearms in Plum Boro and absconded with thirty firearms. After his apprehension, Keller confessed that he sold about eighteen of the firearms to "Adrian" in Maryland for $2,000.

A grand jury of the United States District Court for the Western District of Pennsylvania indicted Keller for conspiracy to commit an offense against the United States in violation of 18 U.S.C. § 371, and stealing firearms from a federally licensed firearms dealer in violation of 18 U.S.C. § 922(u). The Government subsequently filed an information against Keller,

3

charging him with possessing an unregistered firearm in violation of 26 U.S.C. § 5861(d). Keller pleaded guilty to all three offenses.

The Probation Office prepared a Presentence Investigation Report, calculating Keller's total offense level as 27 and his criminal history category as I, resulting in an advisory Guidelines range of 70 to 87 months imprisonment. The offense level included a four-point enhancement pursuant to USSG § 2K2.1(b)(6), which must be applied "[i]f the defendant used or possessed any firearm or ammunition in connection with another felony offense; or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense."[1] The Probation Office concluded that Keller's burglary of Fazi's Firearms was "another felony offense" justifying application of the enhancement. Keller filed a sentencing memorandum contesting the enhancement. Noting that the issue was "close," the District Court found that the enhancement did not apply to Keller's conduct. Over the Government's objection, the Court reduced Keller's Guidelines range to 46 to 57 months and sentenced him to 48 months in prison. The Government filed this timely appeal.

II

The District Court exercised jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291

---

[1] Section 2K2.1(b)(6) was amended in the 2011 Sentencing Guidelines Manual. The relevant language in this most recent edition is found in subsection (B) of USSG § 2K2.1(b)(6).

4

and 18 U.S.C. § 3742(b).

The sole issue in this appeal concerns the District Court's interpretation of the Sentencing Guidelines, which we review *de novo*. *United States v. Grier*, 585 F.3d 138, 141 (3d Cir. 2009); *see Gall v. United States*, 552 U.S. 38, 51 (2007).

III

A

Section 2K2.1(b)(6) of the 2010 Sentencing Guidelines Manual was previously found at § 2K2.1(b)(5). Interpreting that provision, we were confronted more than once with a case involving a defendant, like Keller here, who had possessed or stolen one or more firearms in the course of a single criminal act, and was thereafter convicted of a federal firearms offense. For example, in *United States v. Fenton*, the defendant broke into a sporting goods store, stole several firearms, and received the enhancement.[2] 309 F.3d 825, 826 (3d Cir. 2002). Recognizing a circuit split over whether the burglary could trigger the enhancement, we held that "'another felony offense' cannot apply to the same felonious conduct for which the criminal defendant is being sentenced." *Id.* at 827. We reasoned that to give effect to the word "another," the defendant

---

[2] The application notes to the then-applicable version of the Guidelines provided: "'Felony offense,' as used in subsection (b)(5), means any offense (federal, state, or local) punishable by imprisonment for a term exceeding one year, whether or not a criminal charge was brought, or conviction obtained." USSG § 2K2.1 cmt. n.7 (2000). A similar note is now found at USSG § 2K2.1 cmt. n.14(C). *See infra* Part III.B.

must have committed a felony that was separate from the firearms possession offense. *Id.* at 827–28. Because "almost every federal weapons offense could be prosecuted simultaneously under state law[] . . . deciding this issue [to the contrary] would require enhancement for almost every weapons offense." *Id.* at 828. Therefore, we articulated a "distinction in time or conduct" test for applying the enhancement. *Id.*

We revised the *Fenton* rule in *United States v. Lloyd*, 361 F.3d 197 (3d Cir. 2004). In that case, Lloyd placed a bomb under the car of a man who had pursued a woman who was dating one of Lloyd's criminal associates. *Id.* at 199. The District Court enhanced Lloyd's Guidelines range over an objection based on *Fenton* that the enhancement was inappropriate because he had committed only one criminal act. *Id.* at 199–200. We again observed that "[t]he word 'another' avoids . . . [the] absurd result" of automatic enhancement based on the offense of conviction, and we noted "it is equally clear that the guideline was not intended to exclude only the technical offense of conviction from the scope of 'another felony offense.'" *Id.* at 200. To assist in distinguishing between cases involving impermissible double counting and permissible enhancement for other felonies, we imported the same-elements test pronounced in *Blockburger v. United States*, 284 U.S. 299 (1932), which is used in the double jeopardy context. *Id.* Accordingly, we held that "the 'distinction in time or conduct' test set forth in *Fenton* requires that a felony offense must *at least* satisfy *Blockburger* before it may be used to adjust a sentence upward under § 2K2.1(b)(5)." *Id.* at 200–01. We explained that because thefts and burglaries of firearms are species of possession offenses, they are not "other" offenses. *Id.* at 201–02. Stating that we would not "read too much into [*Fenton*'s] 'distinction of time or conduct' requirement," and

6

relying on the fact that Lloyd had committed no mere theft or burglary, we held that his range was properly enhanced. *Id.* at 203–05.

United States v. Navarro, 476 F.3d 188 (3d Cir. 2007), served as a capstone for *Fenton* and *Lloyd*. Navarro confessed to drug distribution, which was used as the predicate "[]other felony offense" to enhance his sentence for possessing a firearm as a convicted felon. *Id.* at 190–91. We explained that "a two-part standard may be distilled" from *Fenton* and *Lloyd*:

> The first part of the test, from *Blockburger*, is legal in nature and asks whether the predicate offense and the firearms possession crime each have an element that is not shared by the other. The second part of the test, from *Fenton*, is essentially factual in nature and asks whether more than mere possession of the firearm—brandishment or other use—was an integral aspect of the predicate offense. If these two questions are answered in the affirmative, then the four-level enhancement under section 2K2.1(b)(5) should apply.

*Id.* at 196 (citations and footnote omitted).[3] Evaluating the drug

---

[3] Anticipating the case we decide today, the quoted passage included a footnote:

> Although not directly relevant to resolution of this case, it should be noted that the application notes of section 2K2.1 of the Guidelines have been amended, and the amendments became effective

7

distribution offense under this standard, we held the enhancement was correctly applied to Navarro. *Id.* at 196–97.

B

In 2006, the Sentencing Commission proposed an amendment to USSG § 2K2.1, which was eventually adopted as Amendment 691 and incorporated into the Guidelines. *See* USSG supp. app. C amend. 691, at 170–77. In addition to adding a subsection (5), which bumped the guideline at issue here to subsection (6), and other changes not relevant here, the Commission removed Application Note 15, which stated that "'another felony offense' . . . refer[s] to offenses other than explosives or firearms possession or trafficking offenses," and inserted a new Application Note 14, which states in relevant part:

> (A)    In General.—Subsections (b)(6) and (c)(1) apply if the firearm or        ammunition facilitated, or had the potential of facilitating, another        felony offense or another offense,

> in November 2006.    *See* U.S. Sentencing Guidelines Manual § 2K2.1 cmt. n. 14 (providing for broader interpretation of "another felony offense," covering even those offenses that involve only simple possession of a firearm). We recognize that the amendments call into question our decision in *Fenton* for defendants who are sentenced under the current Guidelines and application notes.

*Navarro*, 476 F.3d at 196 n.11.

respectively.

(B)    Application When Other Offense is Burglary or Drug Offense.—     Subsections (b)(6) and (c)(1) apply (i) in a case in which a defendant   who, during the course of a burglary, finds and takes a firearm, *even if the defendant did not engage in any other conduct with that firearm  during the course of the burglary*; and (ii) in the case of a drug trafficking offense in which a firearm is found in close proximity to        drugs, drug manufacturing materials, or drug paraphernalia. In these   cases, application of subsections (b)(1) and (c)(1) is warranted because        the presence of the firearm has the potential of facilitating another felony   offense   or   another   offense, respectively.

(C)    Definitions.—

"Another felony offense", for purposes of subsection (b)(6), means any        Federal, state, or local offense, other than the explosive or firearms        possession or trafficking offense, punishable by imprisonment for a  term exceeding one year, regardless of whether a criminal charge was     brought, or a conviction obtained.

USSG supp. app. C amend. 691, at 171–72, 174–75 (emphasis added); *see* USSG § 2K2.1 cmt. n.14.  Explaining the basis for the Amendment, the Sentencing Commission wrote:

9

[T]he amendment addresses a circuit conflict pertaining to the application of current §2K2.1(b)(5) (re-designated by this amendment as §2K2.1(b)(6)[] and (c)(1)), specifically with respect to the use of a firearm "in connection with" burglary and drug offenses. . . . [T]he amendment provides that in burglary offenses, these provisions apply to a defendant who takes a firearm during the course of the burglary, even if the defendant did not engage in any other conduct with that firearm during the course of the burglary. . . . The Commission determined that application of these provisions is warranted in these cases because of the potential that the presence of the firearm has for facilitating another felony offense or another offense.

USSG supp. app. C amend. 691, at 177. Thus, subsection (B) of Application Note 14 sets forth the Commission's view of the correct application of subsection (A)—the facilitation requirement—in the special cases of burglary and drug trafficking offenses.

C

In *Stinson v. United States*, the Supreme Court considered "the legal force of commentary" to the Guidelines. 508 U.S. 36, 43 (1993). A unanimous Court rejected the analogy that commentary is to a guideline as a regulation is to a statute, because commentary "is not the product of delegated authority for rulemaking." *Id.* at 44. Instead, "the guidelines are the equivalent of legislative rules adopted by federal agencies," and the "commentary . . . assist[s] in the interpretation and

10

application of those rules."[4]  *Id.* at 44–45.  The Court thus applied the same deferential standard it accords to an administrative agency's reading of its own regulations. "[P]rovided an agency's interpretation of its own regulations does not violate the Constitution or a federal statute, it must be given 'controlling weight unless it is plainly erroneous or inconsistent with the regulation.'"  *Id.* at 45 (quoting *Bowles v. Seminole Rock & Sand Co.*, 325 U.S. 410, 414 (1945)). Significant to this appeal, the Court observed that Congress intended the Commission to revise the Guidelines periodically based on how the courts have interpreted them.  *Id.* at 46. "Amended commentary is binding on the federal courts even though it is not reviewed by Congress, and prior judicial constructions of a particular guideline cannot prevent the Commission from adopting a conflicting interpretation that satisfies the standard we set forth today."  *Id.*

IV

As our discussion of *Stinson* demonstrates, we are bound by the commentary to USSG § 2K2.1(b)(6).  Although we held in *Fenton* that the offense of burglary to steal firearms could not serve as the predicate for a USSG § 2K2.1(b)(6) enhancement, the Commission sided with those courts of appeals that had held to the contrary.  Accordingly, the rule we stated in *Fenton* and reaffirmed in *Lloyd* and *Navarro* is no longer valid to the extent

---

[4] The Court limited its holding that commentary "is akin to an agency's interpretation of its own legislative rules" to the "type of commentary" at issue in *Stinson*.  508 U.S. at 45. Because the *Stinson* Court considered an application note to a guideline, *see id.* at 39, as we do here, its holding controls.

11

it was applied to the burglary and drug trafficking offenses referenced in Application Note 14(B).[5] In short, Amendment 691 has eroded our prior decisions.[6]

Keller is left to argue under *Stinson* either that Application Note 14 conflicts with a statute or the Constitution, or that it is "plainly erroneous" or inconsistent with USSG § 2K2.1(b)(6). *See Stinson*, 508 U.S. at 47. Keller does not suggest a statutory or constitutional conflict (and we find none), but he asserts that it is plainly erroneous to treat burglary differently from all other felonies that might serve as a triggering offense under the guideline.

We see no plain error or inconsistency for three reasons. First, Note 14 is entirely consistent with the plain language of the guideline. The meaning of USSG § 2K2.1(b)(6) is

---

[5] Whether anything remains of the *Fenton*, *Lloyd*, and *Navarro* line of cases outside of the burglary and drug trafficking contexts is a question we leave for another day.

[6] Keller contends that the District Court was free to disregard Amendment 691 under *United States v. Booker*, 543 U.S. 220 (2005), in part because *Booker* renders the Guidelines advisory, and in part because he claims it casts doubt on *Stinson*, which was decided in an era of mandatory Guidelines. But Keller misreads *Booker*. The discretion to vary pursuant to the 18 U.S.C. § 3553(a) factors did not eliminate the need to calculate the Guidelines range accurately in the first instance. *See United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006) ("Courts must continue to calculate a defendant's Guidelines sentence precisely as they would have before *Booker*." (citing *United States v. King*, 454 F.3d 187, 196 (3d Cir. 2006))).

ambiguous in cases where the purported other felony is very closely related to the firearms offense. The Commission resolved that ambiguity with respect to cases, like this case and *Fenton*, in which a burglary is committed for the purpose of obtaining firearms. Second, the fact that Amendment 691 resolved a circuit split evidences sufficient difference of opinion to belie the claims of plain error and inconsistency. The breadth of opinion among appellate judges suggests that the guideline is subject to different interpretations.[7] Finally, we observe that all three of our sister circuits to consider the matter have found that subsection (B) of Note 14 is not inconsistent with the guideline. *See United States v. Krumwiede*, 599 F.3d 785, 790–91 (7th Cir. 2010) (citing *United States v. Hill*, 563 F.3d 572, 581 (7th Cir. 2009));[8] *United States v. Blalock*, 571 F.3d 1282, 1288 (D.C. Cir. 2009); *United States v. Morris*, 562 F.3d 1131, 1135–36 (10th Cir. 2009).

Therefore, we are satisfied that Amendment 691, which clarified that a burglary of firearms counts as "another felony offense," is not plainly erroneous or inconsistent with USSG § 2K2.1(b)(6).

---

[7] The difference of opinion was intra-circuit as well as inter-circuit. *Fenton* was decided over a dissent, which reasoned that "the risk that [the] defendant would use the firearms was increased by the fact that he was a convicted felon *and* by the fact that he possessed those firearms during a burglary." 309 F.3d at 829 (Roth, J., dissenting).

[8] Previously on the *Fenton* side of the circuit split, the Seventh Circuit in *Krumwiede* held that Amendment 691 abrogated its precedent. *See* 599 F.3d at 790.

13

V

The District Court erred procedurally when it relied on *Fenton* to calculate Keller's Guidelines range. Accordingly, we will vacate the judgment and remand so the District Court can recalculate Keller's Guidelines range by applying the four-point enhancement in USSG § 2K2.1(b)(6) before considering the 18 U.S.C. § 3553(a) factors and imposing a new judgment of sentence.