NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0890n.06

No. 12-6471

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

Oct 15, 2013

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR THE |
| | ) | WESTERN DISTRICT OF TENNESSEE |
| KENNETH PATTERSON, SR, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

Before: BOGGS and SUTTON, Circuit Judges; CLELAND, District Judge.[*]

SUTTON, Circuit Judge. Kenneth Patterson pled guilty to possession with intent to distribute 22.15 grams of cocaine base. Two prior drug convictions made Patterson a career offender. At sentencing, defense counsel argued that a within-guidelines sentence would be unduly harsh. The district court agreed and varied downward by 68 months, imposing a 10-year sentence. Patterson claims on appeal that the district court abused its discretion by failing to decrease his sentence further. We disagree and affirm.

The presentence investigation report put Patterson at a base offense level of 22, with two levels added for possession of a weapon. With two felony convictions and one misdemeanor conviction in the prior 15 years, Patterson faced a criminal history category of IV. But because the

---

[*]The Honorable Robert H. Cleland, United States District Judge for the Eastern District of Michigan, sitting by designation.

two prior felonies were drug offenses, the career-offender guidelines applied, giving Patterson a base offense level of 34 and a criminal history category of VI, yielding a guidelines range of 262 to 327 months.

At sentencing, the judge found that Patterson should be treated as a career offender. He then gave a three-level reduction for acceptance of responsibility, which left Patterson with a guidelines range of 188 to 235 months. That was too long, Patterson's counsel argued: The prior felony convictions each were for under .5 grams, and the strict penalties in the career-offender guidelines should not apply to a low-level, 56-year-old drug addict like Patterson. The judge agreed (to a point) and imposed a 120-month sentence.

The judge explained his thinking as follows. On the one hand, Patterson's criminal history included a number of convictions for shoplifting and drug offenses, and he had repeat violations while on parole. R.96 at 35–36, 46. And the amount of crack Patterson had in this case (22.15 grams) was "considerable." *Id.* at 43. But, on the other hand, Patterson had a family, and he was trying to get better. *Id.* at 44–45. So a bottom-of-the-guideline sentence of 188 months was "just too much time." *Id.* at 47. After "taking all of the [§ 3553(a)] factors . . . into account," the court settled on 120 months—68 months below the low end of the guidelines.

On appeal, Patterson claims that the sentence is excessive, that he deserves less time, that (in sentencing parlance) the sentence is substantively unreasonable. But appellate courts are rarely the time or the place to re-weigh the § 3553(a) factors. When the challenge goes only to the length

of the sentence after this balancing of factors, abuse-of-discretion review applies. *United States v. Curry*, 536 F.3d 571, 573 (6th Cir. 2008). Within-guidelines sentences receive a presumption of reasonableness, and that presumption is "even more demanding" when a district court varies downward and the defendant merely asks for a greater break on appeal. *Id.* at 573; *accord United States v. Susi*, 674 F.3d 278, 290 (4th Cir. 2012) (collecting cases).

Patterson cannot meet this standard. Yes, if he had not been a career offender, Patterson's guidelines range would have been 46 to 57 months. But Patterson does not challenge his status as a career offender. The district court listened to all of his arguments for a lower sentence, the same (or basically the same) arguments he makes today. The district court found them convincing but only to a point and only after concluding that he had a "considerable" amount of crack and that his decades-long criminal record remained troubling. On this record and in the face of these explanations, a 68-month downward variance (and no more) readily survives abuse-of-discretion review.

For these reasons, we affirm.