NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0112n.06

Nos. 19-3730/3731

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

**FILED**
Mar 02, 2021
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff-Appellee, | ) |
| | ) |
| v. | ) |
| | ) |
| RONQUEIZE HEAD (19-3730); SERONTE NEWBY (19-3731), | ) |
| | ) |
| Defendants-Appellants. | ) |

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO

BEFORE: MOORE, GILMAN, and GRIFFIN, Circuit Judges.

PER CURIAM.

The United States Sentencing Guidelines increase a criminal defendant's offense level if he possesses a firearm "in connection with another felony offense." U.S.S.G. § 2K2.1(b)(6)(B). The main issue in this appeal is whether Defendants Ronqueize Head and Seronte Newby committed "another felony offense" under the framework we adopted in *United States v. Sanders*, 162 F.3d 396, 400–01 (6th Cir. 1998). We conclude that they did. Defendants also offer various other arguments for relief. None of them are persuasive. Accordingly, we affirm the district court's judgments.

I.

Defendants Ronqueize Head and Seronte Newby are maternal half-brothers. Over the course of two weeks in July 2017, they broke into three gun stores and stole over seventy guns.

Defendants' spree included a break-in at Mark's Guns, which is in Kentucky; they made off with twenty-two firearms. Law enforcement eventually caught up with the brothers and arrested them.

A federal grand jury indicted both defendants for one count of conspiring to commit theft of a federal firearms licensee and two counts of theft from a federal firearms licensee. The grand jury also charged Head (but not Newby) with one count of possessing a stolen firearm and one count of possession of a firearm by a prohibited person. Head pleaded guilty to his five counts, and Newby pleaded guilty to his three counts.

For both defendants, the Presentence Report ("PSR") recommended that the district court apply U.S.S.G. § 2K2.1(b)(6)(B)'s four-level enhancement. The probation officer reasoned that § 2K2.1(b)(6)(B) applies "if the defendant possessed any firearm or ammunition in connection with another felony offense," and in this case, the defendants "robbe[d] . . . three separate gun stores" and "possessed stolen firearms while committing a robbery offense." Newby did not object to the enhancement, but Head did, based on two theories. First, Head argued that § 2K2.1(b)(6)(B) did not apply at all because there were not any eligible offenses to satisfy the enhancement's "another felony offense" component. Second, he contended that enhancing his sentence pursuant to § 2K2.1(b)(6)(B) would constitute double counting. The government disagreed. It argued that defendants committed felony burglary under Kentucky state-law during their visit to Mark's Guns, which satisfied the "another felony offense" requirement. Additionally, the government argued that Application Note 14(B) clarified that applying § 2K2.1(b)(6)(B)'s enhancement based on a state-law felony burglary would not constitute double-counting. The district court agreed with the government, overruled Head's objection, and applied the enhancement. The district court imposed below-Guidelines sentences on both defendants.

Head and Newby each timely appealed.

II.

A.

Defendants challenge the procedural reasonableness of their sentences. Newby did not preserve his procedural-reasonableness attacks on his sentence, so they are subject to plain-error review. *United States v. Davis*, 751 F.3d 769, 773 (6th Cir. 2014). Head, however, did preserve his procedural-reasonableness challenges to his sentence, so we review them under the abuse of discretion standard. *United States v. Mack*, 808 F.3d 1074, 1084 (6th Cir. 2015). The party challenging the procedural reasonableness of a sentence has the burden to demonstrate that the district court abused its discretion when it imposed the sentence. *United States v. Houston*, 529 F.3d 743, 756 (6th Cir. 2008). A district court abuses its discretion when it imposes a procedurally unreasonable sentence. *United States v. Amawi*, 695 F.3d 457, 486 (6th Cir. 2012). "A sentence is procedurally unreasonable if, among other things, the district court 'fail[s] to calculate (or improperly calculate[s]) the Guidelines range, treat[s] the Guidelines as mandatory, fail[s] to consider the § 3553(a) factors, select[s] a sentence based on clearly erroneous facts, or fail[s] to adequately explain the chosen sentence.'" *Davis*, 751 F.3d at 773 (alterations in original) (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)). And in this context, "our review of the district court's specific legal determinations . . . is de novo, and our review of the district court's specific factual findings is for clear error." *Id.*

B.

Newby also attacks the substantive reasonableness of his sentence, which we review for an abuse of discretion. *United States v. Sherrill*, 972 F.3d 752, 769 (6th Cir. 2020). The party disputing the substantive reasonableness of a sentence has the burden to show that the district court abused its discretion when it imposed the sentence. *Houston*, 529 F.3d at 756. A district court

abuses its discretion when it imposes a substantively unreasonable sentence. *Amawi*, 695 F.3d at 486. Generally, "a sentence is unreasonable 'if it is selected arbitrarily, if it is based on impermissible factors, if it fails to consider a relevant sentencing factor, or if it gives an unreasonable amount of weight to any pertinent factor.'" *United States v. Massey*, 663 F.3d 852, 857 (6th Cir. 2011) (quoting *United States v. Rosenbaum*, 585 F.3d 259, 267 (6th Cir. 2009)). Here, however, Newby challenges a below-Guidelines sentence caused by a downward variance. Because of that wrinkle, "rather than asking whether considerations based upon § 3553(a) are sufficiently compelling to justify the sentence, this court must determine whether the considerations based upon § 3553(a) are so compelling as to necessitate a shorter sentence." *United States v. Kirchhof*, 505 F.3d 409, 414–15 (6th Cir. 2007). And, "[a]lthough it is not impossible to succeed on a substantive-reasonableness challenge to a below-guidelines sentence, defendants who seek to do so bear a heavy burden." *United States v. Greco*, 734 F.3d 441, 450 (6th Cir. 2013).

## C.

Finally, Newby also brings an ineffective-assistance-of-counsel claim. Such "claims are mixed questions of law and fact, which [we] review de novo." *United States v. Levenderis*, 806 F.3d 390, 401 (6th Cir. 2015) (citation omitted).

## III.

The main issue in this appeal is whether the district court imposed a procedurally unreasonable sentence on defendants when it allegedly miscalculated their Guidelines ranges by—according to defendants—erroneously applying § 2K2.1(b)(6)(B)'s possession-of-a-firearm-in-connection-with-another-felony-offense enhancement. For the reasons to follow, we conclude that the district court correctly imposed the § 2K2.1(b)(6)(B) enhancement.

A.

The parties disagree on the applicable framework for evaluating the district court's imposition of the § 2K2.1(b)(6)(B) enhancement. On the one hand, there is the framework favored by defendants. It comes from *United States v. Sanders*, 162 F.3d 396 (6th Cir. 1998). According to *Sanders*, the "another felony offense" component of the Guideline "require[s], as a condition precedent to the application of . . . [the] enhancement, a finding of a separation of time between the offense of conviction and the other felony offense, or a distinction of conduct between that occurring in the offense of conviction and the other felony offense." *Id.* at 400. And defendants assert that in this case, there is no other offense that was separated temporally or involved different conduct from the offense of conviction.

On the other hand, there is the framework preferred by the government. In 2006 (after *Sanders*), the Sentencing Commission added commentary—Application Note 14(B)—to the Guideline "to resolve a circuit split over the application of § 2K2.1(b)(6) when a defendant's conduct constituted another felony offense in the nature of burglary or a drug offense."[1] *United States v. Krumwiede*, 599 F.3d 785, 787 (7th Cir. 2010). The commentary states that § 2K2.1(b)(6)(B) "appl[ies] . . . in a case in which a defendant who, during the course of a burglary, finds and takes a firearm, even if the defendant did not engage in any other conduct with that firearm during the course of the burglary." U.S.S.G. § 2K2.1 cmt. n.14(B).

We take care to remember that "[i]f it is not necessary to decide more, it is necessary not to decide more[.]" *BellSouth Telecomms., Inc. v. Farris*, 542 F.3d 499, 505 (6th Cir. 2008)

---

[1]The commentary also postdates another one of our cases—*United States v. McDonald*—that defendants cite to support their position on whether a contemporaneous burglary can satisfy § 2K2.1(b)(6)(B)'s "another felony offense" requirement. 165 F.3d 1032, 1037 (6th Cir. 1999), *abrogated by United States v. Jackson-Randolph*, 282 F.3d 369 (6th Cir. 2002).

(quoting *PDK Labs. Inc. v. U.S. D.E.A.*, 362 F.3d 786, 799 (D.C. Cir. 2004) (Roberts, J., concurring in part and concurring in the judgment)). And to decide this appeal, we need not resolve which framework controls. As our subsequent analysis will show, the district court's application of the § 2K2.1(b)(6)(B) enhancement was correct under the *Sanders* framework.

B.

In *Sanders*, we held that the "term 'another felony offense' would at least require, as a condition precedent to the application of . . . [the § 2K2.1(b)(6)(B)] enhancement, a finding of a separation of time between the offense of conviction and the other felony offense, or a distinction of conduct between that occurring in the offense of conviction and the other felony offense." 162 F.3d at 400. Head and Newby pleaded guilty to multiple felony theft offenses. One of their felonies of conviction occurred on July 2, 2017, when they stole firearms from a gun store in Ohio. Six days later, on July 8, 2017, Head and Newby committed another felony offense, when they burglarized a gun store in Kentucky, again stealing firearms. Neither party disputes that the burglary in Kentucky qualifies as a felony offense. Thus, due to the substantial separation of time between Head's and Newby's offense of conviction and their other felony offense, Head's and Newby's conduct was eligible for the § 2K2.1(b)(6)(B) enhancement under the *Sanders* framework.

Additionally, Head's and Newby's conduct satisfies § 2K2.1(b)(6)(B)'s requirement that defendants must have "used or possessed any firearm . . . *in connection with* another felony offense[.]" U.S.S.G. § 2K2.1(b)(6)(B) (emphasis added). Application Note 14(E) explains when the relationship between the offense of conviction and the other felony offense satisfies § 2K2.1(b)(6)'s "in connection with" requirement. U.S.S.G. § 2K2.1 cmt. n.14(E)(ii). When two "unlawful possession offenses" are "part of the same course of conduct or common scheme or

plan," then § 2K2.1(b)(6)(B) applies. U.S.S.G. § 2K2.1 cmt. n.14(E)(ii) (citing U.S.S.G. § 1B1.3(a)(2) & cmt. n.5(B)). The district court correctly found that defendants' conduct constituted a "crime spree," which establishes that the thefts and burglary were a part of the "same course of conduct or common scheme or plan." U.S.S.G. § 2K2.1 cmt. n.14(E)(ii).

Because defendants' gun thefts and felony burglary were separated by time and were parts of the same course of conduct, the district court's application of the § 2K2.1(b)(6)(B) enhancement was correct under *Sanders*.[2] We leave for a later day which framework—*Sanders* or Application Note 14(B)—will determine whether a felony burglary that occurs contemporaneously with a firearm possession constitutes "another felony offense" for the purposes of the § 2K2.1(b)(6)(B) enhancement.

IV.

Defendants also argue that applying § 2K2.1(b)(6)(B) to them constituted impermissible double counting, which rendered their sentences procedurally unreasonable. "[D]ouble counting occurs when precisely the same aspect of the defendant's conduct factors into his sentence in two separate ways." *United States v. Battaglia*, 624 F.3d 348, 351 (6th Cir. 2010) (alteration in original) (citation omitted). "But no double counting occurs if the defendant is punished for distinct aspects of his conduct." *Id.* If double counting occurred, "we must determine if the double counting [wa]s impermissible." *Id.* Moreover, impermissible double counting renders a sentence

---

[2]Our review of Head's preserved procedural-reasonableness challenge reveals that it was not error for the district court to apply the § 2K2.1(b)(6)(B) sentence enhancement to defendants. Accordingly, Newby's unpreserved procedural-reasonableness challenge regarding § 2K2.1(b)(6)(B) does not survive plain-error review, which requires—among other things—Newby to prove that the district court committed an error. *United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008) (en banc).

procedurally unreasonable because it improperly calculates a defendant's Guidelines range. *See id.*

Newby argues that double counting occurred when the district court used the same conduct—the thefts of the firearms—to trigger an enhancement under § 2K2.1(b)(4)(A) and an enhancement under § 2K2.1(b)(6)(B). Head contends that double counting happened because the district court used the same conduct—stealing the guns—to set his original base offense level and as a basis for applying § 2K2.1(b)(6)(B)'s enhancement. Both defendants are wrong. The conduct that the district court relied on to apply § 2K2.1(b)(6)(B) was defendants' state-law felony burglary of Mark's Guns. Defendants were not charged with or convicted for burglarizing Mark's Guns. And the burglary conduct was not the same as the gun-theft conduct. Therefore, when the district court applied § 2K2.1(b)(6)(B)'s enhancement, it did not engage in double counting (let alone impermissible double counting).

V.

The penultimate issue in this appeal is whether Newby's sentence was substantively unreasonable. It was not.

The heart of Newby's argument is that his sentence was substantively unreasonable because he received the same sentence as his co-defendant despite supposedly material differences between them. Newby identifies two groups of differences. First, Head was allegedly more culpable than Newby. Head pleaded guilty to each count that Newby pleaded guilty to, but Head also pleaded guilty to two additional counts. Moreover, Head "made overt acts to sell the stolen firearms to third parties," but Newby did not. Second, Head "greatly influenced and manipulated" Newby during the crimes and Newby was "more susceptible to this offense than" Head.

Although Newby identifies some differences between himself and his co-defendant, he does not explain why those differences show that his sentence was arbitrary or based on at least one impermissible factor. He also does not articulate how the district court failed to consider at least one relevant factor or gave an unreasonable amount of weight to at least one relevant factor. "[A]ppellate courts are rarely the time or the place to re-weigh the § 3553(a) factors." *United States v. Patterson*, 535 F. App'x 509, 510 (6th Cir. 2013). Contrary to Newby's assertions, the district court considered and accounted for Newby's vulnerabilities: "I do appreciate the fact that you probably, all else being equal, were more susceptible to this offense than your brother may have been, based upon the facts and circumstances of your upbringing, the situation that you found yourself in." And the district court gave Newby a larger downward variance than the one it gave Head.[3] Regarding the culpability point, the district court imposed an enhancement on Head for making overt acts to sell guns; Newby, however, did not receive that enhancement. "The district court listened to . . . [Newby's] arguments for a lower sentence" and it "found them convincing but only to a point." *Patterson*, 535 F. App'x at 510. Ultimately, Newby's substantive-unreasonableness argument fails because nothing he has identified was "so compelling as to *necessitate* a shorter sentence." *Kirchhof*, 505 F.3d at 415 (emphasis added).

## VI.

The last issue is Newby's ineffective-assistance-of-counsel claim. He asserts that his trial attorney rendered ineffective assistance by failing to object to § 2K2.1(b)(6)(B)'s enhancement. "As a general rule, a defendant may not raise ineffective assistance of counsel claims for the first time on direct appeal, since there has not been an opportunity to develop and include in the record

---

[3]Newby's Guidelines range (121 months to 151 months) was slightly higher than Head's (120 months to 150 months).

evidence bearing on the merits of the allegations."[4] *Levenderis*, 806 F.3d at 401 (citation omitted). We have the option, however, to "grant an exception to this general rule where the parties have adequately developed the record so as to enable us to reach the merits of the claim." *Id.* To justify a departure from the default rule, Newby asserts (1) that it "is clear from the lower court record . . . that Mr. Newby's co-defendant's counsel felt strongly about the merits of raising this objection prior to sentencing and spent most of his time at the sentencing hearing arguing this objection," and (2) "[i]t would have been very easy for Mr. Newby's trial counsel to have joined in with Mr. Head's counsel in raising this objection, but he did not do so." Newby, however, points to nothing in the record that "provide[s] any information about why [his] lawyer[ ] chose to take the action[ ] [he] took." *United States v. Williams*, 753 F.3d 626, 637 (6th Cir. 2014). We have, therefore, "no way of knowing whether a seemingly unusual or misguided action by counsel had a sound strategic motive or was taken because the counsel's alternatives were even worse." *Id.* (quoting *Massaro v. United States*, 538 U.S. 500, 505 (2003)). Accordingly, we decline to address this claim.

## VII.

For the foregoing reasons, we affirm the district court's judgments.

---

[4]A motion filed pursuant to 28 U.S.C. § 2255—rather than a direct appeal—"is generally the preferred mode for raising a claim of ineffective assistance of counsel." *United States v. Ferguson*, 669 F.3d 756, 762 (6th Cir. 2012). Section 2255 is typically the favored method of bringing an ineffective-assistance-of-counsel claim because it "allows the claim to be litigated in the first instance in the district court, which is 'the forum best suited to developing the facts necessary to determining the adequacy of representation' because it may take testimony from witnesses including the defendant, prosecution, and counsel." *Id.*

GRIFFIN, Circuit Judge, concurring.

I join the per curiam opinion. I write separately to explain my views regarding the interplay between our court's decision in *United States v. Sanders*, 162 F.3d 396 (6th Cir. 1998), and the Sentencing Commission's commentary regarding § 2K2.1(b)(6)(B)'s "another felony offense" enhancement. U.S.S.G. § 2K2.1 cmt. n. 14(B).

I.

A.

As the per curiam opinion notes, the parties disagree on the legal standard for analyzing whether the district court abused its discretion when it imposed the § 2K2.1(b)(6)(B) enhancement. We saw this conflict between *Sanders* and Application Note 14(B) coming at least as far back as 2014 in *United States v. Kilgore*, 749 F.3d 463 (6th Cir. 2014). In *Kilgore*, the defendant "was performing community service at a police station . . . when he stole two unloaded firearms from an evidence room." *Id.* He was convicted "for being a felon in possession of a firearm" and the district court applied § 2K2.1(b)(6)(B)'s enhancement. *Id.* The defendant argued that the district court incorrectly applied the enhancement to him because the facts of his case did not satisfy the requirement—articulated in *Sanders*—that the "another felony offense" "be separate and distinct conduct from the underlying offense." *Id.* at 464. We agreed and reasoned that because "[t]he 'another felony offense' language that triggered application of the four-level enhancement was the theft of the pistols that converted [the defendant] into a felon-in-possession with a two-level enhancement for theft," "[t]here [wa]s no 'another felony offense' on which to base another enhancement on top of the two-level enhancement." *Id.* However, we also acknowledged the existence of Application Note 14(B) and remarked, "[b]ecause [the defendant] did not commit a burglary, the *Sanders* interpretation of the enhancement still applies." *Id.* at 464 n.4. We therefore

signaled our awareness that the commentary's interpretation—not *Sanders*'s—would apply when the "another felony offense" was burglary.

Aside from the foreshadowing in *Kilgore*, the Supreme Court has determined that "commentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline." *Stinson v. United States*, 508 U.S. 36, 38 (1993). Moreover, "prior judicial constructions of a particular guideline cannot prevent the Commission from adopting a conflicting interpretation [such as through commentary] that satisfies the standard" articulated in *Stinson*. *Id.* at 46. This court has followed suit: "Commentary [to the Sentencing Guidelines] binds courts only 'if the guideline which the commentary interprets will bear the construction.'" *United States v. Havis*, 927 F.3d 382, 386 (6th Cir. 2019) (en banc) (quoting *Stinson*, 508 U.S. at 46).

The Government argues that Application Note 14(B) should control because the Guideline it interprets can bear its construction. Defendants disagree. The United States has the better of the dispute.

First, nothing in the Guideline's text precludes the "another offense" from being a contemporaneous offense. The ordinary meaning of "another" is "different or distinct from the one first considered." *Another*, *Merriam-Webster.com*, https://www.merriam-webster.com/dictionary/another (last visited Dec. 29, 2020). A person can commit burglary without finding and taking a firearm.[1] Likewise, a person can find and take a firearm without

---

[1] Take, for example, the Supreme Court's articulation of generic burglary: "an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." *Greer v. United States*, 938 F.3d 766, 771 (6th Cir. 2019) (quoting *Taylor v. United States*, 495 U.S. 575, 598 (1990)). Also consider the most severe form of Kentucky state-law burglary:

committing burglary.[2]  Therefore, burglary on the one hand, and finding and taking a gun on the other hand, are "different" and "distinct" acts.

"Second, the fact that [Application Note 14(B)] resolved a circuit split evidences sufficient difference of opinion to belie the claims of plain error and inconsistency.  The breadth of opinion among appellate judges suggests that the guideline is subject to different interpretations." *United States v. Keller*, 666 F.3d 103, 109 (3d Cir. 2011) (footnote omitted).  Third, multiple circuit courts have concluded that the Guideline will bear the commentary's construction.[3]  When the appropriate case is presented, we should join them.

Defendants offer another reason for why *Sanders*'s interpretation—rather than Application Note 14(B)'s—should apply: the rule of lenity.  Under that rule, "the Court will not interpret a

---

> A person is guilty of burglary in the first degree when, with the intent to commit a crime, he knowingly enters or remains unlawfully in a building, and when in effecting entry or while in the building or in the immediate flight therefrom, he or another participant in the crime:
>
> (a)   Is armed with explosives or a deadly weapon; or
>
> (b)   Causes physical injury to any person who is not a participant in the crime; or
>
> (c)   Uses or threatens the use of a dangerous instrument against any person who is not a participant in the crime.

Ky. Rev. Stat. Ann. § 511.020(1)(a).  Neither definition of burglary requires a person to find and take a firearm.

[2] For instance, in *Kilgore*, the defendant stole two firearms without also committing burglary.  749 F.3d at 463–64 & n.4.

[3] *See, e.g.*, *Keller*, 666 F.3d at 109 ("[W]e are satisfied that [Application Note 14(B)], which clarified that a burglary of firearms counts as 'another felony offense,' is not plainly erroneous or inconsistent with [U.S.S.G.] § 2K2.1(b)(6)."); *United States v. Hill*, 563 F.3d 572, 581 (7th Cir. 2009) ("Application Note 14(B)(i) is consistent with the language of Guideline 2K2.1(b)(6)."); *United States v. Morris*, 562 F.3d 1131, 1136 (10th Cir. 2009) ("[W]e hold that Application Note 14(B) and § 2K2.1(b)(6) are not inconsistent.").

federal statute so as to increase the penalty it places on an individual when such an interpretation can be no more than a guess as to what Congress intended." *United States v. Galaviz*, 645 F.3d 347, 361–62 (6th Cir. 2011) (citation omitted). Although the rule of lenity normally arises in the context of interpreting statutes, we have the option to apply it in the context of interpreting the Guidelines. *United States v. Boucha*, 236 F.3d 768, 775 (6th Cir. 2001). The rule of lenity, however, "is generally inapplicable unless, 'after a court has "seize[d][on] every thing from which aid can be derived," it is still left with an ambigu[ity].'" *Id.* at 776 (alterations in original) (quoting *Chapman v. United States*, 500 U.S. 453, 463 (1991)). *Sanders* itself agreed and acknowledged that "the rule of lenity should clearly be utilized to prevent the application of the enhancement where . . . there is no clear language in the Guideline or the Commentary to support that increased sentence." 162 F.3d at 402. But unlike the *Sanders* court, we have the benefit of unambiguous commentary language—Application Note 14(B)—that supports applying the enhancement. "Application Note 14(B) is unequivocal about when the § 2K2.1(b)(6) enhancement should apply: when a defendant 'during the course of a burglary, finds and takes a firearm, even if the defendant did not engage in any other conduct with that firearm.'" *United States v. Krumwiede*, 599 F.3d 785, 790 (7th Cir. 2010) (italicization omitted) (quoting U.S.S.G. § 2K2.1 cmt. n. 14(B)). I, therefore, would reject defendants' rule-of-lenity argument.

## B.

For the reasons given above, Application Note 14(B)'s construction of § 2K2.1(b)(6)(B) should abrogate *Sanders*. That Guideline applies if a defendant "possessed any firearm or ammunition in connection with another felony offense." U.S.S.G. § 2K2.1(b)(6)(B). Moreover, § 2K2.1(b)(6)(B) applies "in a case in which a defendant who, during the course of a burglary, finds and takes a firearm, even if the defendant did not engage in any other conduct with that

firearm during the course of the burglary." U.S.S.G. § 2K2.1 cmt. n. 14(B). That is the situation in this case. Defendants' visit to Mark's Guns was a felony burglary; no one disputes that. And during that burglary, defendants found and took firearms; that is also uncontested. Accordingly, the district court properly applied the § 2K2.1(b)(6)(B) enhancement and this procedural unreasonableness challenge fails. *See Keller*, 666 F.3d at 109; *Krumwiede*, 599 F.3d at 790–91; *Hill*, 563 F.3d at 581–82; *Morris*, 562 F.3d at 1136–37.

## II.

In a future case, where a defendant's "another felony offense" is a contemporaneous felony burglary, and the legal framework issue is material (outcome determinative), we should hold that Application Note 14(B) abrogates *Sanders* and controls whether § 2K2.1(b)(6)(B)'s sentence enhancement applies.