**UNITED STATES of America, Plaintiff-Appellee,**

v.

**John Charles RICHARDSON, Defendant-Appellant.**

No. 82–7059.

United States Court of Appeals, Eleventh Circuit.

Dec. 20, 1982.

Gerald L. Miller, Birmingham, Ala. (Court-appointed), for defendant-appellant.

Herbert H. Henry, Asst. U.S. Atty., Birmingham, Ala., for plaintiff-appellee.

Before GODBOLD, Chief Judge, FAY and SMITH *, Circuit Judges.

SMITH, Circuit Judge:

Defendant Richardson was convicted by a jury sitting in the Northern District of Alabama of knowingly possessing goods stolen from interstate commerce, in violation of 18 U.S.C. § 659 (1976). On appeal defendant raises numerous objections to the conduct of and evidence produced at the trial. We discuss three of those objections in this opinion and affirm; the others we consider meritless and as to them the judgment of the district court is affirmed without opinion.

Briefly stated, the evidence showed that, in connection with a Government "sting" operation for stolen goods, undercover FBI Agent Albert Baker was approached by Charles Hayden about the purchase of a tractor-trailer load of carpet. The agent agreed to the purchase and made arrangements with Hayden for the transfer of the truck and carpet to Baker. Defendant Richardson was observed driving the truck to the designated rendezvous point and leaving it there in a prearranged place. In subsequent conversations, some of them recorded, between Baker and Richardson and between Baker and Hayden, Richardson and Hayden both alluded to Richardson's complicity in the sale of the stolen carpet.

1. The indictment alleged that Richardson

knowingly did have in his possession chattels * * * which had been embezzled and stolen while the said chattels were moving as, were a part of, and constituted an interstate shipment of freight and express from Dalton, in the State of Georgia to Los Angeles, in the State of California, the defendant then knowing said chattels had been embezzled and stolen.

The statute to which the indictment referred, 18 U.S.C. § 659, proscribes possession, knowing them to have been embezzled or stolen, of goods or chattels obtained from an instrumentality of commerce and moving in interstate commerce.[1] The instrumentalities of commerce enumerated in the statute are:

any pipeline system, railroad car, wagon, motortruck, or other vehicle, or * * * any tank or storage facility, station, station house, platform or depot or * * * any steamboat, vessel, or wharf, or * * * any aircraft, air terminal, airport, aircraft terminal or air navigation facility * * *.

*Id.*

Defendant objects that, in failing to specify one of the instrumentalities of commerce set out in section 659, the indictment did not contain each and every element of

---

* Honorable Edward S. Smith, U.S. Circuit Judge for the Federal Circuit, sitting by designation.

1. The indictment alleged the violation of the second paragraph of 18 U.S.C. § 659 which relates to purchase, receipt, or possession (in defendant's case, possession) of stolen goods. The first paragraph of section 659 concerns the actual theft. The relevant portion of § 659 reads:

"Whoever embezzles, steals, or unlawfully takes, carries away, or conceals, or by fraud or deception · obtains from any pipeline system, railroad car, wagon, motortruck, or other vehicle, or from any tank or storage facility, station, station house, platform or depot or from any steamboat, vessel, or wharf, or from any aircraft, air terminal, airport, aircraft terminal or air navigation facility with intent to convert to his own use any goods or chattels moving as or which are a part of or which constitute an interstate or foreign shipment of freight, express, or other property; or

"Whoever buys or receives or has in his possession any such goods or chattels, knowing the same to have been embezzled or stolen; * *

* * * * * *

"Shall in each case be fined not more than $5,000 or imprisoned not more than ten years, or both; * * *."

the offense. He points to *United States v. Gates,* 528 F.2d 1045 (5th Cir.), *cert. denied,* 429 U.S. 839, 97 S.Ct. 110, 50 L.Ed.2d 106 (1976), which permitted inference of one of the enumerated instrumentalities from the naming in the indictment of the victim of the theft, and argues that in the present case, since not even a victim was named in the indictment, there is no basis for inferring the enumerated instrumentality; consequently, an element of the offense is missing.

The point of *Gates,* however, is not imposition of a strict rule for construing indictments under section 659. Rather, *Gates* rejected the strict rule announced by the Third Circuit in *United States v. Manuszak,* 234 F.2d 421, 423 (3d Cir.1956)—that failure to specify an instrumentality is fatal to an indictment—and instead adopted the majority position [2] that

> even a summary statement such as "stolen from an interstate shipment" is sufficient to imply that the theft was from a "covered" instrumentality of interstate commerce, especially since the enumeration in § 659 is nearly exhaustive.

*Gates,* 528 F.2d at 1047. The *Gates* court went on to say that, in the case before it, "[t]he indictment * * * was *even more* specific than those validated by the majority of appellate courts" because the naming of a particular victim in the indictment further indicated that an enumerated instrumentality was involved. *Id.* (emphasis supplied); *accord, United States v. Knight,* 451 F.2d 275, 279–80 (5th Cir.1971), *cert. denied,* 405 U.S. 965, 92 S.Ct. 1171, 31 L.Ed.2d 240 (1972) (distinguishing *Manuszak* rather than departing from it, as *Gates* later did).

The enumeration of carriers is not a limitation on the scope of the statute—section 659 covers virtually every mode of transportation—so the allegation of an "interstate shipment of freight" necessarily encompasses acquisition from one of the enumerated instrumentalities.[3] We therefore hold that an indictment under 18 U.S.C. § 659, otherwise sufficient, is not rendered insufficient merely because it fails to specify the instrumentality of interstate commerce from which the goods or chattels were stolen or embezzled. The indictment here adequately apprised defendant of what he had to be prepared to meet, and it protected him against double jeopardy. *See Hagner v. United States,* 285 U.S. 427, 52 S.Ct. 417, 76 L.Ed. 861 (1932). It therefore provides no basis for reversal of the conviction.

2. Defendant's second major objection is what he characterizes as a variance between the offense alleged in the indictment—possession—and the proof at trial which, he claims, showed that if anything Richardson himself stole the carpet. Defendant seeks support for this position in *United States v. Gaddis,* 424 U.S. 544, 96 S.Ct. 1023, 47 L.Ed.2d 222 (1976), and *Heflin v. United States,* 358 U.S. 415, 79 S.Ct. 451, 3 L.Ed.2d 407 (1959), which stressed that separate provisions for theft and for possession of stolen property are intended to punish different acts committed by different people.[4] Defendant argues, in effect, that, if the offenses are separate and mutually exclusive, the jury may not convict him for possession of the carpet unless it finds that the carpet was stolen by some-

---

**2.** *See United States v. Williams,* 545 F.2d 1036 (6th Cir.1976); *United States v. Spivey,* 448 F.2d 390 (4th Cir.1971), *cert. denied,* 405 U.S. 927, 92 S.Ct. 976, 30 L.Ed.2d 799 (1972); *Dunson v. United States,* 404 F.2d 447 (9th Cir. 1968), *cert. denied,* 393 U.S. 1111, 89 S.Ct. 925, 21 L.Ed.2d 808 (1969); *United States v. Wora,* 246 F.2d 283 (2d Cir.1957); *see also United States v. Piet,* 498 F.2d 178 (7th Cir.), *cert. denied sub nom., Markham v. United States,* 419 U.S. 1069, 95 S.Ct. 655, 42 L.Ed.2d 664 (1974) (distinguishing *Manuszak*).

**3.** In view of this resolution of the question, we need not decide whether acquisition from an

enumerated instrumentality is an essential element of the offense described by § 659.

**4.** *United States v. Gaddis,* 424 U.S. 544, 547–50, 96 S.Ct. 1023, 1025–27, 47 L.Ed.2d 222 (1976); *Heflin v. United States,* 358 U.S. 415, 419–20, 79 S.Ct. 451, 453, 3 L.Ed.2d 407 (1959). *See also Milanovich v. United States,* 365 U.S. 551, 81 S.Ct. 728, 5 L.Ed.2d 773 (1961); *United States v. White,* 440 U.S. 978 (5th Cir.), *cert. denied,* 404 U.S. 839, 92 S.Ct. 129, 30 L.Ed.2d 72 (1971); *United States v. Minchew,* 417 F.2d 218 (5th Cir.1969), *cert. denied,* 397 U.S. 1014, 90 S.Ct. 1246, 25 L.Ed.2d 427 (1970).

one other than Richardson. The latter finding, defendant asserts, would be impossible to support in light of evidence at trial (much of it elicited by defendant) which implicated defendant in the theft.[5]

Defendant overstates the holding of *Gaddis* and the cases which preceded it. *Gaddis* and *Heflin* held that a person may not be convicted and punished for *both* the theft of goods and the possession of or receiving the same goods, because the intention of Congress in enacting the separate possession offense was not to multiply the convictions or to compound the punishment for an act (theft) which is essentially a single transgression, but was to reach different groups of wrongdoers. *Gaddis,* 424 U.S. at 547–49, 96 S.Ct. at 1025; *Heflin,* 358 U.S. at 419–20, 79 S.Ct. at 453. Richardson, by contrast, was charged with and convicted of possession only. A footnote in *Gaddis* precisely describes the implication of that holding for Richardson's situation and it is worth quoting in its entirety: [6]

> If * * * the indictment or information charges only a violation of § 2113(c) [*i.e.,* receipt or possession], it is incumbent upon the prosecution at trial to prove beyond a reasonable doubt only the elements of that offense, and the identity of the participant or participants in the robbery or theft is irrelevant to the issue of the defendant's guilt.[7] While a mechanistic reading of *Heflin*'s language might not wholly support this rule, it is to be remembered that *Heflin* ultimately held no more than that a person could not be convicted and separately sentenced under § 2113(a) [*i.e.,* robbery], (b) [*i.e.,* theft], or (d) [*i.e.,* assault] *and* under § 2113(c) because § 2113(c) could not be used to "pyramid penalties." 358 U.S., at 419 [79 S.Ct. at 453]. *Heflin* did not purport to,

and did not, add to or alter the statutory elements of the offense under § 2113(c). *Gaddis,* 424 U.S. at 550 n. 15, 96 S.Ct. at 1027 n. 15.

The question before us in reviewing this trial on a single count of possession under section 659 is not variance but sufficiency: whether a reasonable jury could conclude that the defendant knowingly possessed the goods. To hold otherwise would in effect require the Government, in every case arising under section 659, to prove the negative—that a defendant charged with possession did not steal the goods or, if charged with theft, that he did not possess the goods. This we decline to do. We will not restrict the Government's latitude at the charging stage by "add[ing] to or alter[ing] the statutory elements of the offense." *Gaddis,* 424 U.S. at 550, 551 n. 15, 96 S.Ct. at 1027 n. 15.

On the direct sufficiency question, we may overturn the conviction only if, looking at the evidence in the light most favorable to the Government, we conclude that a jury necessarily must have entertained a reasonable doubt about Richardson's guilt of the crime alleged. *Glasser v. United States,* 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942); *United States v. Bulman,* 667 F.2d 1374, 1377 (11th Cir.1982). Upon consideration of the full record we find that there was sufficient evidence upon the basis of which the jury could have returned a verdict of guilty of possession.

■ 3. Finally, defendant argues that, before admitting testimony concerning conversations between Agent Baker and Charles Hayden, the district court should have held a *James* hearing out of the presence of the jury, prior to the admission of the evidence, to determine whether there was independent evidence that Hayden was

---

**5.** We need not and do not reach the question whether, on the evidence produced at trial, the jury must have concluded that Richardson stole the carpet. We would note, however, that the jury's freedom not to credit proffered evidence is broad and so defendant's premise that the jury *must* have found that Richardson stole the carpet is weak indeed.

**6.** While *Gaddis* interpreted 18 U.S.C. § 2113—robbery of or theft from a federally insured

bank—it has been applied to 18 U.S.C. § 659. *Solimine v. United States,* 429 U.S. 990, 97 S.Ct. 517, 50 L.Ed.2d 603 (1976); *United States v. Gilbert,* 553 F.2d 990 (5th Cir.1977), *on motion for reduction of sentence,* 573 F.2d 346, 348 (5th Cir.), *cert. denied,* 439 U.S. 913, 99 S.Ct. 284, 58 L.Ed.2d 259 (1978).

**7.** The Government did not attempt to prove that Richardson committed the theft.

Richardson's co-conspirator within the meaning of the hearsay rule. Fed.R.Evid. 801(d)(2)(E). *See United States v. James,* 590 F.2d 575, 581–83 (5th Cir.) (en banc), *cert. denied,* 442 U.S. 917, 99 S.Ct. 2836, 61 L.Ed.2d 283 (1979). Defendant argues that *James* imposes a per se rule that such a hearing is required where at all practical, as here. This proposition, however, was squarely rejected in *United States v. Miller,* 664 F.2d 826, 827 (11th Cir.1981), which held that "*James* established no inflexible rule that a hearing must be held." While in this case it would probably have been advisable to have held such a hearing, especially inasmuch as the trial court did not make a determination that a hearing would have been impractical (*see James,* 590 F.2d at 582), the trial court did not abuse its discretion in denying the hearing and admitting the evidence subject to being connected up. In any case, the trial court determined and the record shows that the evidence was connected up and defendant has made no showing of prejudice to his case. In these circumstances, reversal is not indicated.

We therefore conclude, after examining the record and the parties' submissions and after hearing oral argument, that the judgment of the district court is in all respects

AFFIRMED.