F I L E D
United States Court of Appeals
Tenth Circuit

JAN 13 2003

PATRICK FISHER
Clerk

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

RUFUS GOFF,

     Defendant - Appellant.

No. 02-1215

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
(D.C. No. 01–CR–348–B)**

---

**Submitted on the briefs:**[*]

Michael G. Katz, Federal Public Defender, and Warren R. Williamson, Assistant Federal Public Defender, Denver, Colorado, for Defendant-Appellant.

John W. Suthers, United States Attorney, and Martha A. Paluch, Assistant United States Attorney, District of Colorado, Denver, Colorado, for Plaintiff-Appellee.

---

Before **KELLY, McKAY,** and **MURPHY**, Circuit Judges.

---

**McKAY**, Circuit Judge.

---

    [*]After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f). The case is therefore submitted without oral argument.

This is a direct appeal of a criminal sentence for theft of a firearm from a federally licensed firearms dealer, in violation of 18 U.S.C. § 922(u). Appellant challenges the district court's application of U.S.S.G. § 2K2.1(b)(4), which provides for a two-level enhancement in offense level "[i]f any firearm was stolen."

In August 2001, Appellant entered a sporting goods store and stole a Taurus model PT-140 pistol. Appellant pled guilty to one count of theft of a firearm, in violation of 18 U.S.C. § 922(u). Since Appellant had two prior convictions for robbery and burglary, the district court determined the base offense level pursuant to § 2K2.1(a)(2). If Appellant had had no prior convictions, his base offense level would have been determined pursuant to § 2K2.1(a)(7). The district court also applied a two-level enhancement pursuant to U.S.S.G. § 2K2.1(b)(4), which provides for an enhancement "if any firearm is stolen."

The central issue in this case is whether the two-level enhancement should be applied where the only offense of conviction is the theft of a firearm. This requires us to address the continued validity of our previous opinion in United States v. Rowlett, 23 F.3d 300 (10th Cir. 1994), in light of recent amendments to the Commentary to U.S.S.G. § 2K2.1(b)(4).

## I. <u>Rowlett</u> and the History of the Commentary to § 2K2.1

Prior to November 1, 1995, Application Note 12 of the Commentary to

§ 2K2.1 stated:

> If the defendant is convicted under 18 U.S.C. § 922(i), (j), or (k), or 26 U.S.C. § 2861(g) or (h) (offenses involving stolen firearms or ammunition), and is convicted of no other offense subject to this guideline, do not apply the adjustment in subsection (b)(4) because the base offense level itself takes such conduct into account.

U.S.S.G. § 2K2.1, cmt. n.12 (1994) (amended 1995). In 1995, Application Note

12 was amended to read as follows:

> If the only offense to which § 2K2.1 applies is 18 U.S.C. § 922(i), (j), or (u), 18 U.S.C. § 924(j) or (k), or 26 U.S.C. § 5861(g) or (h) (offenses involving a stolen firearm or stolen ammunition) and the base offense level is determined under subsection (a)(7), do not apply the adjustment in subsection (b)(4) unless the offense involved a firearm with an altered or obliterated serial number. This is because the base offense level takes into account that the firearm or ammunition was stolen.

U.S.S.G. § 2K.2.1, cmt. n.12 (1995).

As the Sentencing Commission explained, the amendment was intended to

"clarif[y] that Application Note 12 in § 2K2.1 applies only to cases in which the

base offense level is determined under § 2K2.1(a)(7)." U.S.S.G. app. C,

amendment 522 (effective Nov. 1, 1995). There is no application note suggesting

that the two-level enhancement should not apply where the base offense level is

determined pursuant to § 2K2.1(a)(2).

In 1994, prior to the amendment of Application Note 12, we considered

whether the two-level enhancement should apply where the only offense was making a false statement to acquire a firearm, in violation of 28 U.S.C. § 922(a)(6). See Rowlett, 23 F.3d at 301. The district court had applied the enhancement, reasoning that since the firearm was acquired fraudulently, it was "stolen" within the meaning of the Guideline. Id. at 303. We reversed, reasoning that the "term 'stolen' refers to the preexisting condition of the relevant firearms and ammunition involved in a crime, not the manner in which they are acquired in committing the offense." Id. at 305. Since the firearm was not "stolen" at the time the theft occurred, we held that the enhancement was inapplicable. Id.

In reaching this conclusion, we relied upon the then-current Application Note 12. We stated, "Application Note 12 states that the two-level enhancement provided in subsection (b)(4) should not be applied where the only underlying conviction is for an 'offense[ ] involving stolen firearms or ammunition,' because in such cases '*the base offense level itself takes such conduct into account*.'" Id. at 304 (citations omitted).

## II. Application Note 12 After 1995

Appellant urges us to follow the reasoning of Rowlett and reach the same conclusion here. However, the Application Note on which we relied in Rowlett has been amended, rendering that decision inapplicable here. Our conclusion in Rowlett that the two-level enhancement should not be applied in any case where

-4-

the sole conviction was for one of the enumerated offenses involving stolen firearms or ammunition is now inconsistent with the current version of Application Note 12.[1] While the prior version of Application Note 12 applied to all convictions under the enumerated statutes, the amended note explicitly applies only to those defendants whose base offense level is determined pursuant to § 2K2.1(a)(7). See U.S.S.G. § 2K2.1, cmt. n.12 (1994).

Appellant argues that Application Note 12, as amended, is inconsistent with the plain language of § 2K2.1(b)(4) and is therefore invalid. The plain language of § 2K2.1(b)(4) provides for a two-level enhancement "if any firearm is stolen." U.S.S.G. § 2K2.1(b)(4). The plain language of the guideline would, therefore, apply the enhancement to all defendants convicted of an offense involving stolen firearms or ammunition. Application Note 12 merely clarifies certain situations in which the defendant is exempt from the enhancement.

We are not alone in reaching this conclusion; six other circuits have affirmed § 2K2.1(b)(4) enhancements under the amended version of Application Note 12 where the defendants' base offense levels were not determined under

---

[1]While there is some question as to whether it is necessary that we overrule our decision in United States v. Rowlett, 23 F.3d 300 (10th Cir. 1994), we have nevertheless circulated this opinion to the en banc court pursuant to our rules. Each member of the en banc court has concurred with our holding that to the extent that our opinion in Rowlett is inconsistent with the amended version of Application Note 12 of the Commentary to U.S.S.G. § 2K2.1 it is overruled.

§ 2K2.1(a)(7).  See United States v. Raleigh, 278 F.3d 563 (6th Cir. 2002); United States v. Hurst, 228 F.3d 751 (6th Cir. 2000); United States v. Brown, 169 F.3d 89 (1st Cir. 1999); United States v. Shepardson, 196 F.3d 306 (2d Cir. 1999); United States v. Luna, 165 F.3d 316 (5th Cir. 1999); United States v. Hawkins, 181 F.3d 911 (8th Cir. 1998); United States v. Turnipseed, 159 F.3d 383 (9th Cir. 1998).

Appellant argues that we have twice reaffirmed our position in Rowlett since the 1995 amendment to Application Note 12.  Specifically, Appellant points to two unpublished decisions:  United States v. Herrman, 99 F.3d 1151 (table), 1996 WL 621028 (10th Cir. Oct. 28, 1996) (unpublished); and United States v. Feugate, 2001 WL 1650239 (10th Cir. Dec. 26, 2001) (unpublished).  While these cases are both unpublished and are therefore not binding precedent, they are nevertheless easily distinguished from the present case.  In both Herrman and Feugate, the defendants' convictions were for possession of stolen firearms. Citing Rowlett, we upheld the two-level enhancements in both cases, reasoning that since the firearms were stolen prior to the commission of the offense of conviction, the enhancement was appropriate.  Neither of these holdings are inconsistent with Application Note 12, as amended, nor with our decision here.

### III.  Conclusion

Since Appellant was convicted of an offense in which "a firearm was

-6-

stolen," and since his base offense level was determined pursuant to § 2K2.1(a)(2) and not § 2K2.1(a)(7), the district court's imposition of the two-level enhancement was proper.

For the foregoing reasons, we **AFFIRM** the decision of the district court.