**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 18 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA

    Plaintiff-Appellee,

v.

ESAK WILLIAM HADLEY,

    Defendant-Appellant.

No. 02-3399

(D. Kansas)

(D.C. No. 02-CR-20028-KHV)

---

**ORDER AND JUDGMENT**[*]

---

Before **EBEL**, **HENRY**, and **HARTZ**, Circuit Judges.

---

Esak William Hadley pleaded guilty to one count of theft of firearms from

the business inventory of federally licensed firearms dealers, a violation of 18

U.S.C. § 922(u). The district court sentenced him to 46 months' imprisonment.

Mr. Hadley now seeks to appeal his sentence, arguing that the district court

erred in applying section 2K2.1(b)(4) of the United States Sentencing Guidelines

to arrive at a two-level increase in the offense level. However, as the government

---

[*]At the parties' request, the case is unanimously ordered submitted without
oral argument pursuant to Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G). This
order and judgment is not binding precedent, except under the doctrines of res
judicata, collateral estoppel, and law of the case. The court generally disfavors
the citation of orders and judgments; nevertheless, an order and judgment may be
cited under the terms and conditions of 10th Cir. R. 36.3.

notes, the plea agreement signed by Mr. Hadley, Mr. Hadley's counsel, and the government contains a provision stating that "[t]he defendant also agrees to waive his right to appeal any sentenced imposed within the applicable guideline range as determined by the Court; the defendant does reserve the right to appeal an upward departure or an illegal sentence apart from the sentencing guidelines." Rec. doc. 21, attach., at 4. (Plea Agreement, dated Aug. 5, 2002, attached to Petition to Enter Plea of Guilty and Order Entering Plea, filed Aug. 5, 2002).

"A defendant's knowing and voluntary waiver of the statutory right to appeal his sentence is generally enforceable." United States v. Hernandez, 134 F.3d 1435, 1437 (10th Cir. 1998). There are exceptions to this general rule. For example, in spite of a waiver provision, a defendant may still appeal his sentence if the district court relied on an impermissible factor such as race, if ineffective assistance of counsel in connection with the negotiation of the waiver rendered the waiver invalid, if the sentence exceeds the statutory maximum, or if the waiver is otherwise unlawful. See United States v. Cockerham, 237 F.3d 1179, 1182 (10th Cir. 2001).

None of those exceptions applies here. Mr. Hadley does not argue that his sentence was based on consideration of an impermissible factor, that he received ineffective assistance of counsel in the negotiation of the plea agreement, or that his sentence was otherwise unlawful. Moreover, Mr. Hadley's argument does not

involve a challenge to an upward departure, the other ground for appeal preserved in the plea agreement.[1] Finally, Mr. Hadley has not disputed that he entered into the plea agreement knowingly and voluntarily. Thus, Mr. Hadley has waived his right to appeal.[2]

Accordingly, for the reasons set forth above, we DISMISS this appeal.


Entered for the Court,


Robert H. Henry
Circuit Judge

---

[1] Mr. Hadley does seek to appeal the two-level increase in the offense level under USSG § 2K2.1(b)(4). However, under the Guidelines, an upward adjustment in the offense level is distinguishable from an upward departure. See United States v. Walling, 982 F.2d 447, 449 (10th Cir. 1992) (stating that "[t]he guidelines differentiate between departures and adjustments"). "Adjustments are changes to the total offense level calculated under the guidelines, while a departure is a sentence imposed outside the designated guideline range." Id. Here, Mr. Hadley's plea agreement allowed him to appeal upward departures but not upward adjustments.

[2] We further note that the case on which Mr. Hadley's counsel primarily relies in his appellate brief, United States v. Rowlett, 23 F.3d 300 (10th Cir. 1994), has been overruled. See United States v. Goff, 314 F.3d 1248, 1250 n.1 (10th Cir. 2003). Although our opinion in Goff was issued nearly two months before Mr. Hadley's counsel filed his opening brief, Mr. Hadley's brief does not cite that case. We remind Mr. Hadley's counsel of an attorney's obligations under 10th Cir. R. 46.5(B), which provides that an attorney's presenting a brief to the court constitutes a certification that, "to the best of the [attorney's] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the issues presented are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or establishing new law."