[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-13641
Non-Argument Calendar
_____

D.C. Docket No. 4:17-cr-00001-RH-CAS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TEONA N. RODGERS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(May 7, 2018)

Before WILSON, JORDAN, and ANDERSON, Circuit Judges.

PER CURIAM:

Teona Rodgers appeals following her convictions for receiving stolen government property from the Internal Revenue Service ("IRS") pursuant to 18 U.S.C. §641; and access device fraud pursuant to 18 US.C. §1029(a)(3); and aggravated identity theft pursuant to 18 U.S.C. §1028A(a)(1).  On appeal, Rodgers argues, first, that a defendant cannot be prosecuted under both 18 U.S.C. §1029 and 18 U.S.C. §1028A.  Second, she argues, for the first time on appeal, that it was plain error to convict her for receiving stolen funds from the IRS because of a lack of evidence showing she knowingly received stolen government property from a third-party, and that this was an essential element of the offense.

## I.

We review *de novo*, as a question of law, the interpretation of a criminal statute.  *United States v. Murrell*, 368 F.3d 1283, 1285 (11th Cir. 2004).  The first rule in statutory construction is to determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute.  *United States v. Segarra*, 582 F.3d 1269, 1271 (11th Cir. 2009).  If so, there is no need for further inquiry.  *Id.*  We look to the entire statutory context rather than look at one word or term in isolation.  *Id.*  We will interpret a statute in a manner consistent with the plain language of the statute, unless doing so would lead to an absurd result.  *Id.*

2

Under 18 U.S.C. §1029(a)(3) it is unlawful to "knowingly and with intent to defraud possess[] fifteen or more devices which are counterfeit or unauthorized access devices." A "counterfeit access device" is any access device that is "counterfeit, fictitious, altered, or forged," while an "unauthorized access device" includes those access devices that were "lost, stolen, expired, revoked, canceled, or obtained with the intent to defraud." 18 U.S.C. §1029(e). An "access device" is defined as:

> any card, plate, code, account number, electronic serial number, mobile identification number, personal identification number, or other telecommunications service, equipment, or instrument identifier, or other means of account access that can be used, alone or in conjunction with another access device, to obtain money, goods, services, or any other thing of value, or that can be used to initiate a transfer of funds (other than a transfer originated solely by paper instrument)

Id. §1029(e)(1).

The aggravated identity theft statute, §1028A, provides that "[w]hoever, during and in relation to any felony violation enumerated in subsection (c), knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person shall, in addition to the punishment provided for such felony, be sentenced to a term of imprisonment of 2 years." 18 U.S.C. §1028A(a)(1). "Means of identification" is defined as:

> any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual, including any—

3

(A) name, social security number, date of birth, official State or government issued driver's license or identification number, alien registration number, government passport number, employer or taxpayer identification number;

(B) unique biometric data, such as fingerprint, voice print, retina or iris image, or other unique physical representation;

(C) unique electronic identification number, address, or routing code; or

(D) telecommunication identifying information or access device (as defined in section 1029(e));

*Id.* § 1028(d)(7).    Subsection (c), incorporated as an element in §1028A(a)(1), includes "any provision contained in this chapter (relating to fraud and false statements), other than this section or section 1028(a)(7)." *Id.* §1028A(c)(4). Sections 1028A and 1029(a)(3) are both contained in Title 18, Chapter 47 of the United States Code. *See id.* §§1028A, 1029. The government must prove that defendant knew the means of identification belonged to another person. *Flores-Figueroa v. United States*, 556 U.S. 646, 658 (2009).

In *United States v. Bonilla*, 579 F.3d 1233 (11th Cir. 2009), we held that a defendant could be convicted and prosecuted for both §1028A(a)(1) and §1029(a)(2) despite double jeopardy concerns. *Bonilla*, 579 F.3d at 1241, 1244. We noted that the legislature specifically authorized cumulative punishment for both §1029(a)(2) and § 1028A(a)(1). *Id.* at 1244; *see* H.R. REP. NO. 108-528, at 10 (2004). Section 1029(a)(2) is one predicate offense underlying a conviction for

§1028A(a)(1), which in turn serves as a two-year penalty enhancement to §1029(a)(2). *Bonilla*, 579 F.3d at 1244.

We conclude that the plain language of the statute is clear: aggravated identity theft can co-exist with a prosecution for access device fraud. While *Bonilla* involved a conviction under §1029(a)(2), and not the §1029(a)(3) provision at issue here, our reasoning there applies here. Similarly, Congress plainly incorporated the term "access device" from § 1029(e) into §1028's definition of "means of identification." 18 U.S.C. §1028(d)(7)(D). Accordingly, we conclude that the district court did not err by denying Rodgers' motion to dismiss the aggravated identity theft charge.

## II.

When a defendant challenges the sufficiency of the government's evidence for the first time on appeal, we review the sufficiency of the evidence for a manifest miscarriage of justice. *United States v. Tagg*, 572 F.3d 1320, 1323 (11th Cir. 2009). To reverse a conviction under that standard, we must find that the evidence on a key element of the offense is so tenuous that a conviction would be shocking. *Id.*

The elements for a conversion or receipt prosecution under section 641's second paragraph are that: (1) that the money or property belonged to the government; (2) that the defendant fraudulently appropriated the money or

property to his own use or the use of others; (3) and that the defendant did so knowingly and willfully with the intent either temporarily or permanently to deprive the owner of the use of the money or property. *United States v. McRee*, 7 F.3d 976, 980 (11th Cir. 1993).

Section 641 contains two disjunctive paragraphs. The first paragraph captures the stealing of government property, and the second, its receipt. Section 641 begins:

> Whoever embezzles, steals, purloins, or knowingly converts to his use or the use of another, or without authority, sells, conveys or disposes of any record, voucher, money, or thing of value of the United States or of any department or agency thereof, or any property made or being made under contract for the United States or any department or agency thereof; or
>
> Whoever receives, conceals, or retains the same with intent to convert it to his use or gain, knowing it to have been embezzled, stolen, purloined or converted

18 U.S.C. §641. A defendant can only be convicted under one of the paragraphs, and cannot be convicted for both stealing and receiving the same stolen government property. *United States v. Minchew*, 417 F.2d 218, 219 (5th Cir. 1969).

Where evidence is sufficient to support an indictment of both stealing and receiving the proceeds, the jury must be instructed that while it can return a verdict on either count, it cannot convict under both. *Milanovich v. United States*, 35 U.S. 551, 554–55 (1961). Proof offered at trial is not the relevant inquiry—the evidence

6

presented may be interchangeable between the first two paragraphs of §641—and a conviction is valid as long as the jury only finds guilt as to either stealing or possession of the stolen goods. *See United States v. Richardson*, 694 F.2d 251, 254 (11th Cir. 1982) (applying *Milanovich* and *United States v. Gaddis*, 424 U.S. 544 (1976), to a conviction under stolen goods from interstate commerce statute, 18 U.S.C. §659, which also has provisions for both robbery and possessing stolen funds); *Minchew*, 417 F.2d at 219–20.

In *Minchew*, we held that evidence establishing the defendant's burglary could be used to establish guilt under the second paragraph of §641 for receiving that stolen government property, where the defendant was not charged with stealing government property directly under the first paragraph of §641. *Minchew*, 417 F.2d at 219–20. In *Richardson*, the defendant was charged and convicted of possession of stolen money, but argued that the government introduced evidence at trial that he stole property too, and we upheld the conviction because the jury only returned the verdict as to possession and not both stealing and possession. *Richardson*, 694 F.2d at 253–54.

We conclude that there is no manifest miscarriage of justice arising from Rodgers' conviction for receiving stolen government property. Rodgers was indicted only for receiving stolen government property, not stealing, and the jury was instructed solely on the second paragraph of §641 and then only found

7

Rodgers guilty for knowingly receiving stolen government property.  This satisfies the requirement of *Milanovich* and its progeny that the court must instruct the jury that they may only convict a defendant under one of § 641's paragraphs. *Milanovich*, 365 U.S. at 554–55.

The evidence presented at trial, taken in the light most favorable to the government, was sufficient for a reasonable jury to conclude that Rodgers knew that she received stolen government money.  Receiving government property does not require Rodgers to have received it from a third-party.  *See McRee*, 7 F.3d at 980.  In any event, as Rodgers admits in her brief before us, the evidence was sufficient to find that she stole government property under the first paragraph, and therefore, notwithstanding the above, no miscarriage of justice will result from affirming the jury's verdict.  Accordingly, we do not find that the evidence was insufficient regarding her conviction under §641.

AFFIRMED.