[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-13753
Non-Argument Calendar
_____

D.C. Docket No. 1:18-cr-00027-KD-MU-1

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

versus

DUSTEN ANDREW RICHARDSON,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(September 12, 2019)

Before TJOFLAT, JORDAN and JILL PRYOR, Circuit Judges.

PER CURIAM:

Dusten Andrew Richardson appeals his conviction and sentence for possession of a stolen firearm in violation of 18 U.S.C. § 922(j). For the following reasons, we reject Richardson's arguments and affirm the district court.

## I.    BACKGROUND

James Hatchett, a thirteen-year-old boy, lived with his family on their Alabama farm. One morning, as James fed the chickens, he noticed that a fan was running in one of the barns. Approaching to investigate, James spotted Richardson, who was tying items to an all-terrain vehicle ("ATV"). James ran to his home, where he reported what he had seen to his father, Chester, and older brother, Andrew. After arming themselves with firearms, the three Hatchetts set out for the barn. They detained Richardson at gunpoint and called the police. While the Hatchetts waited for the police to arrive, Richardson started to walk away. By the time deputies from the Mobile County Sheriff's office arrived, Richardson had crossed the road from the farm.

Spotting Richardson hiding in a nearby pond, Deputy Joseph Marzella commanded him to exit the water. Richardson refused, shouting for the deputies to shoot him. Deputy John Silcox then approached Richardson and attempted to grab his arm. Richardson resisted arrest. During a struggle with Richardson, Silcox injured his knee. Other officers followed Silcox into the pond, grabbed

2

Richardson, and handcuffed him.  Upon searching Richardson, Marzella found two boxes of ammunition that had been taken from the Hatchetts' property.

Surveying their farm, the Hatchetts found three piles of their belongings, each pile consisting of items that someone had moved from the places where the Hatchetts usually kept them.  In addition, some items had been tied to their ATV. Chester noticed, too, that his hoof snippers appeared to have a notch in them. Because that notch matched a notch in a chain used to secure their ATV, it appeared that someone had attempted to cut the ATV chain with the hoof snippers. Among the piles of items were two firearms, neither of which had ever previously been stolen.

After waiving his rights, Richardson told detectives and federal agents that he had entered the Hatchetts' farm and moved their property, including two firearms and boxes of ammunition.  Richardson said he was unsure what he intended to do with the property.  Both parties stipulated that the firearms were involved in interstate commerce.

Richardson was indicted on a single count of possession of two stolen firearms, in violation of 18 U.S.C. § 922(j).  The case proceeded to trial.  After the government rested, Richardson moved for a judgment of acquittal, arguing that the firearms were not stolen.  The district court denied that motion, determining that, although the government had to show that Richardson possessed the firearms after

3

they were stolen, the evidence supported the conclusion that Richardson had stolen the firearms, his brief movement of them constituted a "taking" of the firearms, and he had the intent to deprive the owner of the firearms. After a one-day trial, the jury found Richardson guilty.

Richardson then moved for a judgment of acquittal, or in the alternative for a new trial, arguing that the evidence at trial was insufficient to sustain a conviction. He claimed that the term "stolen" within 18 U.S.C. § 922(j) "refers to the preexisting condition of the firearm." Doc. 26 at 3.[1] Because the government did not prove at trial that the firearms had been stolen before Richardson possessed them, Richardson argued, the evidence was insufficient to support his conviction. The district court denied Richardson's motion for a judgment of acquittal. The case proceeded to sentencing.

At sentencing, the government presented evidence that, as a result of Richardson's resistance to arrest, Silcox suffered a lateral meniscus tear to his left knee, which caused him to be placed on light work duty for 12 weeks following the incident. The district court overruled Richardson's objection to a four-level enhancement under the Sentencing Guidelines for possessing a firearm in connection with another felony offense. The district court also overruled his objection that the six-level increase for assaulting a law enforcement officer did

---

[1] "Doc. #" refers to the numbered entry on the district court's docket.

4

not apply and denied his request for a downward variance from the resulting guidelines range. In so doing, the district court considered evidence of Silcox's injury and resulting light work duty, then concluded that it was "more than fair to give him a six-point enhancement for assaulting a police officer." Doc. 48 at 13. The court sentenced Richardson to 45 months' imprisonment.

This is his appeal.

## II.    STANDARDS OF REVIEW

We review *de novo* the district court's denial of a motion for a judgment of acquittal on sufficiency-of-the-evidence grounds. *United States v. Lander*, 668 F.3d 1289, 1296 (11th Cir. 2012). We view the record in the light most favorable to the government and make all inferences and credibility determinations in favor of the jury's verdict. *Id.* at 1297. The evidence is sufficient if a reasonable trier of fact could find that the evidence established the defendant's guilt beyond a reasonable doubt. *Id.*

For Sentencing Guidelines issues, we review purely legal questions *de novo*, the district court's factual findings for clear error, and the district court's application of the guidelines to the facts for clear error. *United States v. Rothenberg*, 610 F.3d 621, 624 (11th Cir. 2010).

We review the district court's denial of a defendant's request for a downward variance for an abuse of discretion.  *United States v. Cubero*, 754 F.3d 888, 897 n.8 (11th Cir. 2014).

### III.    LEGAL ANALYSIS

Richardson makes three arguments on appeal.  First, he argues that the district court erred in denying his motion for a judgment of acquittal because the government failed to prove that the firearms were stolen before he possessed them, as he contends was required to sustain a conviction under 18 U.S.C. § 922(j). Second, he contends that the district court erred by imposing a four-level sentencing enhancement under U.S.S.G § 2K2.1(b)(6)(B) because the government failed to prove that he possessed a firearm in connection with another felony offense.  Third, he argues that the district court erred by increasing his offense level pursuant to U.S.S.G § 3A1.2(c)(1), then denying his request for a downward variance from the resulting guidelines range because the court failed to consider his argument that the automatic six-level enhancement for assaulting an officer is unwarranted in this case.  We address these arguments in turn.

**A. The district court did not err in denying Richardson's motion for a judgment of acquittal.**

The statute under which Richardson was indicted and convicted makes it unlawful:

6

for any person to receive, possess, conceal, store, barter, sell, or dispose of any stolen firearm or stolen ammunition, or pledge or accept as security for a loan any stolen firearm or stolen ammunition, which is moving as, which is a part of, which constitutes, or which has been shipped or transported in, interstate or foreign commerce, either before or after it was stolen, knowing or having reasonable cause to believe that the firearm or ammunition was stolen.

18 U.S.C. § 922(j).  We have explained that to sustain a conviction under § 922(j), the government must prove beyond a reasonable doubt that:  "(1) the defendant possessed a stolen firearm, (2) the firearm was part of interstate commerce, and (3) the defendant knew or had reason to know that the firearm[ was] stolen."  *United States v. Seabrooks*, 839 F.3d 1326, 1333 (11th Cir. 2016) (footnote omitted).  However, we have never determined whether the government must prove that the firearm had been stolen before the defendant possessed it to obtain a conviction under § 922(j).

Richardson argues that he could not be convicted under § 922(j).  He points to 18 U.S.C. § 922(u), which states that it is "unlawful for a person to steal . . . any firearm."  Richardson argues that § 922(u) criminalizes actions that occur contemporaneously with the theft of a firearm, whereas § 922(j) criminalizes the theft of a firearm that has been stolen in the past.  Had Congress intended § 922(j) to criminalize a defendant's possession of a firearm that he himself stole, he argues, § 922(j) would have included language like § 922(u).  If Richardson's theory of § 922(j) is correct, his conviction could not be sustained because the

7

Hatchetts' firearms had never previously been stolen before Richardson moved them at the farm.[2]

Richardson's interpretation of § 922(j) is wrong, because it assumes that the use of the adjective "stolen" refers to something that occurred in the past. That is not so. Neither the unambiguous language of § 922(j), nor our interpretations of the statute, require the government to prove that the firearm was stolen prior to the defendant's possession of it. *See* 18 U.S.C. § 922(j); *Seabrooks*, 839 F.3d at 1333 (laying out three elements of § 922(j): "that (1) the defendant possessed a stolen firearm, (2) the firearm was part of interstate commerce, and (3) [he] knew or had reason to know that the firearm [was] stolen" (footnote omitted)).

We decline to adopt Richardson's interpretation of § 922(j) because it would require us to read an extra statutory element into the offense. Our previous decision in *United States v. Richardson*, 694 F.2d 251 (11th Cir. 1982), is instructive. In that case, we rejected the appellant's (a different Richardson) argument that he could not be convicted of possessing stolen goods, in violation of 18 U.S.C. § 659, without proof that the goods were stolen by someone else. *Id.* at 253-54. We confirmed that although a defendant may not be convicted of both the

---

[2] Below, Richardson argued that because he never removed the firearms from the Hatchetts' property, they never attained the characteristic of being "stolen." Because he makes no argument about this issue in his briefs on appeal, however, we deem the issue abandoned. *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014).

theft of goods and possession of the same goods, a charge of possession alone did not require the government to prove that someone other than the defendant stole the goods. *Id.* at 254. In reaching that conclusion, we explained that "[t]o hold otherwise would in effect require the [g]overnment, in every case arising under [the relevant statute], to prove the negative—that a defendant charged with possession did not steal the goods or, if charged with theft, that he did not possess the goods." *Id.* The same is true in this case. If we accepted Richardson's interpretation of § 922(j), we would in essence be adding an element to the offense, in effect requiring the government to prove: (1) that the defendant possessed the firearms at issue, *and* (2) that the defendant did not steal the firearms. For the reasons we articulated in the other *Richardson* case, we decline to do so.

Richardson attempts to distinguish the earlier *Richardson* because there the Court "d[id] not reach the question whether, on the evidence produced at trial, the jury must have concluded that [the defendant] stole the [goods]." *Richardson*, 694 F.2d at 254 n.5. He argues that his case is different because the jury necessarily had to conclude that he stole the firearms to convict him under § 922(j). He argues that he therefore was "essentially . . . convicted" by the jury for both theft and possession of the same firearms. Reply Br. at 2. But the jury in fact convicted Richardson only of one crime: possessing firearms that he knew were stolen, in violation of § 922(j). This was appropriate under *Richardson*, where we explained

9

that a defendant can be charged with possessing a stolen item that he himself stole. *Richardson*, 694 F.2d at 254.

Richardson's attempt to analogize his case to *Milanovich v. United States*, 365 U.S. 551 (1961), is unpersuasive. In that case, a defendant was convicted of stealing currency and receiving that same currency. *Id.* at 552. The Supreme Court reversed, holding that a defendant could not be convicted of both stealing and receiving the same stolen goods. *Id.* at 553-54. Richardson argues that his theft and taking possession of the firearms was a single act, which could not be divided into two transactions, just like the defendant's single act in *Milanovich*. But *Milanovich* does not apply here. Again, that is because unlike the defendant in *Milanovich*, Richardson was not convicted of possession *and* theft of the firearms. Rather, he was charged with, and convicted of, possession of stolen property alone.

Nor do the other cases on which Richardson relies convince us of his interpretation of § 922(j). He relies on a Tenth Circuit case, *United States v. Rowlett*, 23 F.3d 300 (10th Cir. 1994), *overruled by United States v. Goff*, 314 F.3d 1248 (10th Cir. 2003), for the proposition that § 922(j) requires a firearm to be stolen prior to its unlawful possession. In our view, that case does not stand for so broad a proposition. In *Rowlett*, the defendant appealed his sentence imposed for making a false statement during the acquisition of a firearm, in violation of 18 U.S.C. § 922(a)(6). *Id.* at 301. The district court applied a two-level increase to

10

the defendant's offense level, determining that because Rowlett had procured the firearm "by way of fraud," the firearm was stolen within the meaning of U.S.S.G. § 2K2.1(b)(4). *Id.* at 302-03. The Tenth Circuit reversed, holding that the district court erred in enhancing the offense level because "the two-level enhancement should not be applied in any case where the sole conviction was for one of the enumerated offenses involving stolen firearms or ammunition." *Goff*, 314 F.3d at 1249 (discussing *Rowlett*). But *Rowlett* interpreted a guidelines provision, not § 922(j). Moreover, the court in *Rowlett* explained that, under the guidelines, the two-level enhancement could not apply where the defendant's base offense level already accounted for the stolen nature of the firearm. *Rowlett*, 23 F.3d at 304-05. This case presents no such double-counting issue.

Richardson's last argument is that 18 U.S.C. § 922, read as a whole, supports his interpretation of § 922(j). That argument, too, is unavailing. Even though both § 922(j) and § 922(u) use variations of the word "steal," they criminalize different actions. Specifically, § 922(u) criminalizes the theft of a gun from a federal firearms licensee. § 922(u). Because the *actus reus* is the taking of the gun, that section uses the word "steal." *See id.* By contrast, § 922(j) criminalizes possession of a stolen gun. § 922(j). Because the *actus reus* is possession, the word "stolen" works merely as an adjective that describes the firearm. *See id.* Thus, the fact that § 922(u) uses the verb "steal" does not support

11

the inference that Congress intended for § 922(j) to apply only if the firearm was stolen prior to the defendant's possession of it.

Having rejected Richardson's interpretation of § 922(j), we apply our previous interpretation of the statute as set forth in *Seabrooks*.  839 F.3d at 1333 (the government must prove beyond a reasonable doubt that:  "(1) the defendant possessed a stolen firearm, (2) the firearm was part of interstate commerce, and (3) the defendant knew or had reason to know that the firearm [was] stolen" (footnote omitted)).  Here, the undisputed record evidence—including Richardson's own admissions—demonstrates that Richardson took possession of the firearms by moving them from their original locations on the Hatchetts' farm and placing them in piles around the property.  Further, the parties stipulated that the firearms involved were part of interstate commerce.  Thus, evidence supported the jury's verdict that Richardson knowingly possessed stolen firearms, in violation of § 922(j).

Because there is no requirement under § 922(j) that the firearms have been stolen prior to the defendant's taking possession of them, and because the evidence at trial, viewed in the light most favorable to the government, supported the jury's verdict that Richardson possessed stolen firearms in violation of § 922(j),[3] the

---

[3] We note that this Court has affirmed a § 922(j) conviction in an unpublished case with similar facts.  *See United States v. Jones*, 266 F. App'x 886 (11th Cir. 2008) (unpublished).  We held that a jury could have reasonably concluded that the defendant, convicted under § 922(j),

district court did not err in denying Richardson's motion for a judgment of acquittal.

**B. The district court did not err in enhancing Richardson's sentence under § 2K2.1(b)(6)(B) because Richardson possessed the firearms in connection with a felony burglary.**

Richardson next contends that the district court erred by imposing a four-level sentencing enhancement under U.S.S.G § 2K2.1(b)(6)(B) because the government failed to prove that he possessed a firearm in connection with another felony offense.

Section 2K2.1(b)(6)(B) allows a four-level enhancement if the defendant "used or possessed any firearm or ammunition in connection with another felony offense." U.S.S.G § 2K2.1(b)(6)(B). The enhancement applies to "a defendant who, during the course of a burglary, finds and takes a firearm, even if the defendant did not engage in any other conduct with that firearm during the course of the burglary." *Id.* § 2K2.1, cmt. n.14(B)(i).

The plain language of the guidelines' commentary permits the application of § 2K2.1(b)(6)(B) when a defendant gains possession of a firearm by burglary. The evidence at trial demonstrated that Richardson took two firearms while

---

had actual possession of the stolen firearms found lying near him, because there was sufficient evidence from which a jury could conclude that the defendant burglarized a mobile home and took guns out of the mobile home onto nearby property. *Id.* at 888, 890. We did not address the question of whether the firearms had been stolen before Jones possessed them, however.

13

burglarizing the Hatchetts' farm.  The district court therefore did not clearly err by

applying the four-level enhancement pursuant to § 2K2.1(b)(6)(B).[4]

### C. The district court did not abuse its discretion by imposing a six-level enhancement under § 3A1.2(c) or by denying Richardson's request for a downward variance from the resulting guidelines range.

Richardson argues that the district court abused its discretion by imposing a

six-level enhancement, pursuant to U.S.S.G. § 3A1.2(c), for assaulting a law

enforcement officer.  He contends that the district court failed to consider his

argument that the automatic six-level enhancement for assaulting an officer is not

rooted in empirical evidence.  He also argues that the district court abused its

discretion in denying his request to vary downward from the resulting guidelines

range after imposing the six-level enhancement.  He says the district court should

have used its discretion to apply less than a six-level enhancement because even

---

[4] In addition, Richardson argues that this Court should adopt the position taken by the Third Circuit that the four-level enhancement for possession of a firearm in connection with another felony offense should not apply to his conviction under § 922(j) because the enhancement punishes the same conduct as § 922(j).  The Third Circuit, applying a previous version of the guidelines, held that "'another felony offense' cannot apply to the same felonious conduct for which the criminal defendant is being sentenced."  *United States v. Fenton*, 309 F.3d 825, 827 (3d Cir. 2002), *superseded by regulation as recognized in United States v. Keller*, 666 F.3d 103 (3d Cir. 2011).  Applying that reasoning, the court determined in *Fenton* that the district court erred in imposing a four-level enhancement for being a felon in possession of a firearm after the defendant pled guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g).  *Fenton*, 309 F.3d at 828.  But the Third Circuit, following an amendment to the commentary for § 2K2.1, later held invalid *Fenton*'s holding that "the offense of burglary to steal firearms could not serve as [a] predicate for a . . . § 2K2.1(b)(6) enhancement."  *See Keller*, 666 F.3d at 108 ("[W]e are bound by the commentary to U.S.S.G. § 2K2.1(b)(6).").  As discussed above, Richardson gained possession of the firearm while burglarizing the Hatchetts' farm.  We decline to follow *Fenton*'s now-defunct approach.

14

though he received the enhancement due to Silcox's injury, neither Silcox nor Marzella—who witnessed Richardson resist arrest—testified at sentencing. Instead, another witness testified that Silcox, who had been assigned to desk duty for 12 weeks following his injury, lost no wages on account of the injury.

The guidelines provide for a six-level enhancement where a defendant, "in a manner creating a substantial risk of serious bodily injury," assaulted during the course of an offense a person whom he knew or had reasonable cause to believe was a law enforcement officer. U.S.S.G. § 3A1.2(c). The enhancement "applies in circumstances tantamount to aggravated assault." *Id.* cmt. n.4(A). "'Substantial risk of serious bodily injury' includes any more serious injury that was risked, as well as actual serious bodily injury . . . if it occurs." *Id.* cmt. n.4(B).

The district court did not abuse its discretion in applying § 3A1.2(c) because the evidence supported its determination that while committing the offense of burglary, Richardson, in a manner creating a substantial risk of serious bodily injury, assaulted a person whom he knew or had reasonable cause to believe was an officer. Specifically, the evidence presented at trial and sentencing demonstrated that Richardson fought Silcox in the water, causing Silcox to tear his lateral meniscus while trying to apprehend Richardson. Furthermore, the government presented evidence that Silcox's injury prevented him from

15

performing his normal duties for 12 weeks, even if Silcox lost no wages on account of the injury.

We reject Richardson's assertion that the district court failed to consider his argument that the automatic six-level enhancement for assaulting an officer is not rooted in empirical evidence. The district court has the discretion to consider downward-variance arguments based on a lack of empirical evidence, but it is not compelled to vary downward. *United States v. Cubero*, 754 F.3d 888, 900-01 (11th Cir. 2014). At sentencing, the district court addressed Richardson's argument and concluded that it was "more than fair to give him a six-point enhancement for assaulting a police officer." Doc. 48 at 13. The district court was not required to vary downward and therefore did not abuse its discretion in declining to do so.

## IV.    CONCLUSION

For the foregoing reasons, we affirm Richardson's conviction and sentence.

**AFFIRMED.**